## ROUTZAHN v. MASON. *

(Circuit Court of Appeals, Sixth Circuit. July 10, 1926.)

No. 4618.

1. **Internal revenue** ⊜⇒7—Income from dividend declared in 1916, made payable and paid in 1917, is taxable at 1917 rate; "distribution made;" "most recently accumulated undivided profits" (Revenue Act Sept. 8, 1916, § 31[b], as added by Revenue Act Oct. 3, 1917, § 1211 [40 Stat. 338]).

Under Revenue Act Sept. 8, 1916, § 31(b), as added by Revenue Act Oct. 3, 1917, § 1211, providing that any distribution made by corporation to stockholders shall be deemed made from the most recently accumulated undivided profits, income from dividend declared in 1916 and made payable and paid in 1917 is taxable at the 1917 rate; "distribution made" meaning dividends paid, and "most recently accumulated undivided profits" being judged from the end of the fiscal year during which the income was received.

2. **Appeal and error** ⊜⇒1176(4).

Jury having been waived and facts agreed, judgment will, on reversal, be directed for party for whom on the record it should have been.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by F. H. Mason against C. F. Routzahn, Collector of Internal Revenue. Judgment for plaintiff (8 F.[2d] 56), and defendant brings error. Reversed, and judgment directed.

Chas. T. Hendler, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (A. E. Bernsteen, U. S. Atty., and Irene Nungesser, Asst. U. S. Atty., both of Cleveland, Ohio, and A. W. Gregg, of Washington, D. C., on the brief), for plaintiff in error.

Horace Andrews, of Cleveland, Ohio (S. M. Jett, of Akron, Ohio, on the brief), for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

*Rehearing denied October 7, 1926.

PER CURIAM. Since this case was decided below, the Supreme Court's opinion in Edwards v. Douglas has appeared. 269 U. S. 204, 46 S. Ct. 85, 70 L. Ed. ——. While upon its facts the present case can be distinguished from that one, yet we conclude that the general view of the purpose and construction of the law there stated by Mr. Justice Brandeis must be applied here, and this leads us to a reversal of the judgment below.

[1] The corporate dividends, which came to Mason and formed the basis of this tax, were declared near the end of 1916, and were made payable and were paid at various dates in 1917, from February until July. They are returned by Mason as a part of his 1917 income, and the question is whether the 1916 or 1917 taxing rates should be applied. The statute (section 31[b], Revenue Act of September 8, 1916, as amended by Revenue Act of October 3, 1917, § 1211 [40 Stat. 338]), for the purpose of attaching the taxing rate to dividends, imperatively specifies that "any distribution made" by a corporation to its shareholders "shall be deemed to have been made from the most recently accumulated undivided profits or surplus." The court below concluded that the "distribution" was made when the dividend was declared, segregated from the body of undivided profits, and became a debt from the company to the stockholder, which he could sell independently of the stock.

That, as between the stockholder and the corporation and from many points of view, such a declaration is a distribution of profits, is indisputable; but this is a taxing statute, the dominant thought of which is that the citizen should suffer an annual burden upon his annual current income. "Distribution" must mean a disposition which at that moment results in income, because to ascertain taxable income is the purpose and subject-matter of the act, and a dividend declared this year, payable in the next or some more distant year, is not within the normal conception of income for this year. Though the legal duty to pay is fixed by such a declaration, it is commonly recognized that actual and prompt payment is contingent upon the continuance of expected conditions. Books might be kept upon an accrual basis, so as to show such items as becoming income upon declaration; but they would have to be discounted to their present worth, and this can hardly be the normal method of treatment which Congress should be deemed to have had in mind. Indeed, it appears that Mason did not treat these items as part of his 1916 income, and his

conduct serves to indicate that he did not understand, when he made his return for 1916, that any income had been distributed to him during that year by this declaration. Upon the whole, we are satisfied that, in the environment of this statute, "distribution made" means "dividends paid."

This brings us to the phrase "most recently accumulated" profits. This may refer to any one of three kinds of profits: First, those which at the time of the dividend payment have been formally recognized and entered on the books as profits for a fixed period, and are normally destined to be paid out in dividends; second, those which in fact have then come into existence, but have not been ascertained or stated on the books; third, those which are finally ascertained and entered as the profits for the entire year during which dividends are paid. The first construction must be rejected, on the authority of Edwards v. Douglas.

The second is logically permissible, but is impracticable. Not only may profits seeming to exist in July disappear before the end of the year, but it is often, if not typically, humanly impossible to determine with any accuracy in what months of the year the profits were made. To attempt to administer the law upon this theory would bring endless and hopeless confusion and disputes. A meaning which would inevitably make the law most difficult of application and in large degree unworkable ought not unnecessarily to be attributed to Congress.

The third construction cannot be spelled out in the very words of the law; but if the entire taxing year should be taken as a unit, as Justice Brandeis says should be done (probably, as applied here, meaning 1917), it is seen that when the return was made, in March, 1918, the taxpayer knew that profits had been accumulated in 1917, from which all 1917 dividends could be paid, and it is not unreasonable to suppose that the "most recently accumulated profits" are to be judged from the end of the fiscal year during which the income was received. We see no other construction which will furnish a common yardstick by which the tax can be measured in all cases, and we conclude that the principle on which Edwards v. Douglas was decided requires us to adopt this third construction.

[2] It results that the judgment below must be reversed. Upon this record there should have been a judgment for defendant, and since the rule of the Slocum Case, 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029, depends upon the right to a

jury trial, and in the present case a jury was waived and the facts agreed upon, we can, and do, now direct that judgment to be entered by the District Court.