## UNITED STATES v. PHILLIPS.

Circuit Court of Appeals, Third Circuit. January 24, 1928.

No. 3485.

1. Internal revenue ⬤⇒7(7)—Date of payment, not declaration, of dividend, is distribution date for income tax purposes (Revenue Act 1916, § 31, subsecs. [a], [b], as added by Act Oct. 3, 1917, § 1211 [Comp. St. § 6336z]).

Date of payment, not of declaration, of dividend, is date of distribution for income tax purposes, under Revenue Act 1916, § 31, subsecs. (a), (b), as added by Act Oct. 3, 1917, § 1211 (Comp. St. § 6336z).

2. Appeal and error ⬤⇒1178(6)—In absence of sufficient findings as to corporation's 1917 profits before dividend payments, case must be remanded for retrial on issue whether 1916 or 1917 income tax rate applies (Tucker Act, § 7 [28 USCA § 764]; Revenue Act 1916, § 31, subsecs. [a], [b], as added by Act Oct. 3, 1917, § 1211 [Comp. St. § 6336z]; Jud. Code, § 24, par. 20 [28 USCA § 41]).

In absence of sufficient findings of fact, under Tucker Act, § 7 (28 USCA § 764; Comp. St. § 1577), as to corporation's profits and surplus accumulated during 1917 before payments of dividends, to enable court to render judgment in conformity with law that date of payment, not declaration, of dividend, is date of distribution, under Revenue Act 1916, § 31, subsecs. (a), (b), as added by Act Oct. 3, 1917, § 1211 (Comp. St. § 6336z), judgment for full amount of claim, in action under Judicial Code, § 24, par. 20 (28 USCA § 41), to recover additional income tax collected, must be reversed, and case remanded for retrial on issue whether 1916 or 1917 tax rate should be applied to dividends paid in 1917.

In Error to the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Action by B. D. Phillips against the United States. Judgment for plaintiff (12 F. [2d] 598), and defendant brings error. Reversed and remanded.

John D. Meyer, U. S. Atty., and W. J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa. (A. W. Gregg and Charles T. Hendler, both of Washington, D. C., of counsel), for the United States.

James Walton, of Pittsburgh, Pa. (Frank B. Ingersoll and Gordon, Smith, Buchanan & Scott, all of Pittsburgh, Pa., and Clarence A. Miller, of Washington, D. C., of counsel), for defendant in error.

John G. Buchanan, Paul G. Rodewald, George B. Gordon, and J. E. MacCloskey, Jr., all of Pittsburgh, Pa., and Harrison Tweed, George Welwood Murray, and Winthrop W. Aldrich, all of New York City, amici curiæ.

Before WOOLLEY and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This action was instituted in the District Court under authority of paragraph 20 of section 24 of the Judicial Code (USCA title 28, § 41, p. 35) and was brought under the Revenue Act of 1917 (40 Stat. 300) to recover additional income taxes which the plaintiff alleged had been unlawfully assessed against him and unlawfully collected by a former collector of internal revenue.

After the plaintiff had made his income tax return for 1917 the Commissioner assessed against him for that year an additional tax of $23,452.85 which he paid under protest and now seeks to recover from the United States. The Commissioner assessed the additional tax on two grounds: First, profits from the sale of 9,200 shares of the common stock of the Pure Oil Company at $24.50 per share on a finding that the fair value on March 1, 1913 was $15.25 per share instead of $22.50 as returned by the plaintiff; and, second, that while twenty dividends on the plaintiff's stock in corporations had been declared in 1916 and nine in 1917 and all paid in 1917, all were taxable at the 1917 rate instead of at the lower rate for 1916, when profits enough to pay all had been accumulated, as reported by the plaintiff in his income tax return.

The plaintiff had judgment on both phases of the action for the full amount of his claim and the government sued out this writ of error.

The question raised on the first ground for making the additional assessment is ruled adversely to the government by our decision this day made in Heiner, Collector, v. Crosby and Heiner, Collector, v. Anderton, 24 F.(2d) 191, where the facts, except as to the date the stock was acquired or from which profit is reckoned, are the same as in this case.

[1] The question on the second ground for increasing the assessment had its rise in opposite meanings which the parties attributed to the words of subsections (a) and (b) of section 31 of the Revenue Act of 1916, as amended by the Revenue Act of 1917 (40 Stat. 337, 338 [Comp. St. § 6336z]), the first of which declares the term "dividends" to mean any "distribution" made or ordered by a corporation out of its earnings or profits, and the second provides that any "distribution" made to stockholders "in the year 1917 * * * shall be deemed to have been made from the most recently accumulated undivided profits or surplus, and shall constitute a part of the annual income of the distributee for the year in which received." The question, regarded by the trial court as one purely of law, was whether distribution should be considered made when the dividend is declared, as contended by the plaintiff, or when the dividend is paid, as contended by the government. The learned trial court held that distribution occurs when the dividend is declared. That question is now ruled adversely to the plaintiff by the decision of the Supreme Court in Mason v. Routzahn, Collector, 48 S. Ct. 50, 72 L. Ed. ——, following a related decision in Edwards, Collector, v. Douglas, 269 U. S. 204, 46 S. Ct. 85, 70 L. Ed. 235, wherein that court held that "the date of payment, not the date of the declaration of the dividend, is the date of distribution."

[2] But there still remains open the question as to which tax rate, that of 1916 or 1917, should be applied according as the facts show in which of the two years were the most recently accumulated earnings from which, according to the statute, the distributions were made. While the District Court did not in its opinion set forth specific findings of fact pursuant to section 7 of the Tucker Act (24 Stat. 505 [28 USCA § 764; Comp. St. § 1577]), Chase v. United States, 155 U. S. 489, 499, 15 S. Ct. 174, 39 L. Ed. 234, the facts recited in its opinion may have been sufficient to support its judgment based on its interpretation of the Revenue Act that distribution occurs when dividends are declared; but there are not sufficient findings of fact with reference to profits and surplus of the various corporations, if any, which had accumulated either during the whole of the year 1917 or in the fractional periods of that year prior to the several payments of dividends to enable the court now to render judgment conformably with the law of Mason v. Routzahn. Therefore the judgment must be reversed and the case remanded for retrial in conformity with this opinion on the issue of profits from the sale of the plaintiff's stock in the Pure Oil Company and with the law of Mason v. Routzahn on the issue of the tax rate to be applied to dividends paid in 1917.