**LEWELLYN v. HARBISON, and fourteen other cases.**

Circuit Court of Appeals, Third Circuit. March 9, 1929.

Nos. 3865–3879.

John D. Meyer, U. S. Atty., and William J. Aiken, Asst. U. S. Atty., both of Pittsburgh, Pa. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and William T. Sabine, Jr., and John A. McCann, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., of counsel), for appellant.

J. E. MacCloskey, Jr., and F. H. Atwood, both of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a judgment of the District Court ordering to the appellee a refund of income taxes arising out of an extra dividend declared by the Harbison-Walker Refractories Company August 3, 1917, and paid August 25, 1917. There are 15 cases in all, but by agreement all of them are controlled by the judgment in the case of Ralph W. Harbison v. C. G. Lewellyn.

On August 3, 1917, the Harbison-Walker Company declared an extra dividend of 6 per cent. on its common stock, payable on August 25, 1917, out of the surplus of the company accumulated prior to March 1, 1913. The dividend was accordingly paid on August 25, 1917. The question at issue is, When was the "distribution made" of the dividend—the day it was declared, August 3, 1917, as the appellee contends, or the day it was paid, August 25, 1917, as the collector contends.

Section 31(a) of the Revenue Act of 1916 (added to the act of 1916 by section 1211 of the Act of October 3, 1917, 40 Stat. 300, 337, 338) provides: "That the term 'dividends' as used in this title shall be held to mean any distribution made or ordered to be made by a corporation, * * * out of its earnings or profits accrued since March first, nineteen hundred and thirteen, and payable to its shareholders, whether in cash or in stock of the corporation, * * * which stock dividend shall be considered income, to the amount of the earnings or profits so distributed."

Section 31(b) of that act provides that: "Any distribution made to the shareholders or members of a corporation, * * * in the year nineteen hundred and seventeen, or subsequent tax years, shall be deemed to have been made from the most recently accumulated undivided profits or surplus, and shall constitute a part of the annual income of the distributee for the year in which received. * * * This subdivision shall not apply to any distribution made prior to August sixth, nineteen hundred and seventeen, out of earnings or profits accrued prior to March first, nineteen hundred and thirteen."

It will be seen that August 6, 1917, is the crucial date, and the question is: Was this "distribution made" when *declared* on August 3, 1917, or when *paid* on August 25, 1917? If it was made on the former date, it was not taxable; but, if made on the latter date, it was taxable, and the judgment should be reversed, for the provisions of section 31 (b) would not apply to the distribution.

A "distribution made" and a "distribution ordered to be made" are not the same thing. A "distribution made" is a completed act. It involves the order and the execution thereof, or the declaration and payment. Consequently, when the Congress said that "this subdivision shall not apply to any distribution made prior to August sixth, nineteen hundred and seventeen," it doubtless had in mind both the *declaration* and the *payment* thereof, for, if it had not, it would have said: This subdivision shall not apply to "any distribution made or ordered to be made," in accordance with its language which it used in section 31(a) in defining "dividends." In the report of Senator Simmons, to whose committee in the Senate this bill was referred, he spoke on page 21 of "dividends declared and paid." Accordingly, the committee, which considered and reported this act, and the Congress, distinguished between the declaration and the payment of a dividend.

We agree with the Circuit Court of Appeals for the Sixth Circuit that a "distribution made" means "dividends paid," and not merely declared. Routzahn v. Mason (C. C. A.) 13 F.(2d) 702. The language involved is clear, precise, and unambiguous, and in our opinion resort to the legislative history of the act is unnecessary, in order to determine its meaning. Edwards v. Douglas, 269 U. S. 204, 210, 46 S. Ct. 85, 70 L. Ed. 235. In the case of United States v. Phillips (C. C. A.) 24 F.(2d) 195, we said the question was "whether distribution should be con-

sidered made when the dividend is declared, as contended by the plaintiff, or when the dividend is paid, as contended by the government." We held, following Mason v. Routzahn, 275 U. S. 175, 178, 48 S. Ct. 50, 51 (72 L. Ed. 223), that "the date of payment, not the date of the declaration of the dividend, is the date of distribution."

The learned District Judge held that, in construing the words "distribution made," in determining the *rate* of taxes, rather than the *exemption* of taxes, the above cases would control, but that the history of the enactment of the section shows that, in an exemption case, the words "distribution made" refer to the *declaration*, and not to the payment, of the dividend.

This conclusion does not seem well founded. When the same word or phrase is used in the same section of an act more than once, and the meaning is clear as used in one place, it will be construed to have the same meaning in the next place. Ryan v. State, 174 Ind. 468, 92 N. E. 340, Ann. Cas. 1912D, 1341; James v. Dubois, 16 N. J. Law, 285, 293. We do not think that the history of the act or the exemption provisions require a different interpretation of the words "distribution made," when considering the exemption of taxes, than that given to them by the Supreme Court in determining the *rate* of taxes.

While a statute imposing taxes is construed most strongly against the government (Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211), it is also true that a statute allowing exemptions is construed strictly in favor of the government (Bank of Commerce v. Tennessee, 161 U. S. 134, 146, 16 S. Ct. 456, 40 L. Ed. 645). When the section under consideration is so construed, the judgment must be reversed, and a new trial awarded.