### UNITED STATES v. STARK et al.

Circuit Court of Appeals, Sixth Circuit. May 7, 1929.

No. 5173.

See, also, 14 F.(2d) 616.

T. H. Lewis, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Haveth E. Mau, U. S. Atty., of Cincinnati, Ohio, C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for the United States.

Joseph S. Graydon, of Cincinnati, Ohio (Joseph L. Lackner, of Cincinnati, Ohio, on the brief), for appellees.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

DENISON, Circuit Judge. ■ The Schmidlapp estate recovered judgment against the United States for refund of an inheritance tax thought to have been erroneously assessed, pursuant to section 402 (c) of the Revenue Act of 1918 (40 Stat. 1097); the assessment having been on the theory that a certain trust conveyance by Mr. Schmidlapp was one that would take effect in possession or enjoyment upon his death. The decision below was in reliance upon Nichols v. Coolidge, 274 U. S. 531, 47 S. A. 710, 71 L. Ed. 1184, 52 A. L. R. 1081, and held that the act could not constitutionally have the retroactive effect necessary to support the assessment. The Supreme Court having now held, in Chase National Bank v. U. S., 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. ——, that where the grantor in trust reserves the power of revocation, as Schmidlapp did, retroactive effect could rightly be given, the only question now remaining is whether the Schmidlapp trust was one which had the specified testamentary character.

' ' The income of the trust and the right to revoke the same were reserved to the grantor during his life. The trust was to be ended and distribution was to be made at the end of an eight-year term, or upon Schmidlapp's prior death. When he made the deed he was in good health; the conveyance was not made in expectation of his death; his reasonable expectation of life was much more than eight years; and it is said to be true, and may be assumed, that every one concerned actually expected that the possession and enjoyment would pass to the beneficiaries at the end of the specified term of years. We therefore have a case of a conveyance which was to take effect in possession and enjoyment on a specified future date, and thus as to which no inheritance tax could be imposed by retroactive statute, and which also was to take effect upon the death of the donor, and thus as to which such a tax therefore could be imposed. Which character dominates?

We are not aware of any controlling decision. Counsel for the trustee rely upon the rule stated in Fearne on Remainders (4th Am. Ed.) vol. 1, § 114, that where a future estate is limited upon a term for years, but "the term is rendered determinable by means of * * * the dropping of a life or lives, and it is for so few years that there is a common possibility of the life or lives enduring beyond it," the remainder is one limited upon the term of years, and not upon the life estate; "for in such case the freehold interest is in fact limited on the contingent expiration of the term, because the dropping of the life or lives is an event which may not happen before the term has already expired by effluxion of time; but, where there is no common possibility of the life enduring beyond the term of years, then the freehold estate is considered as dependent on the life estate and not upon an estate for years." The argument further is that Congress must be deemed to have used the statutory phrase, in view of this anciently settled definition.

The argument is forceful, but upon the whole we think it should not prevail. Of course, the question must be decided in the aspect it had the day the conveyance was made; to give force to the fact that Schmidlapp did die during the term, so that it turned out that the future estate took full effect upon his death, would be "inaccurate thinking." Mr. Justice Holmes, in Ithaca Trust Co. v. U. S. (April 8, 1929) 49 S. Ct. 291, 73 L. Ed. ——. Disregarding this fallacy, the persuasive element to our minds is that the general purpose and intent of the act in this respect were to reach dispositions which were really

testamentary, and that the reserved power of revocation gave to this conveyance that character, as the Supreme Court has held in the Chase Case. Whether the future estate ever would take effect by expiration of the term, depended, until the moment of Schmidlapp's death, upon his continued voluntary nonexercise of his power of revocation. We think this situation gives the dominant character, and hence that the tax was properly assessed.

The case was tried without a jury, and there was a full finding of facts. They did not support the judgment rendered for the plaintiff, which therefore must be reversed. In the typical case of a reversal at law, a new trial is awarded; but, when the facts as found affirmatively establish a complete defense, the reviewing court will direct the entry of that judgment which should have been rendered. Ft. Scott v. Hickman, 112 U. S. 150, 165, 5 S. Ct. 56, 28 L. Ed. 636.

Accordingly the judgment is reversed, with direction to enter a judgment for defendant.