## WALLACE v. SEAGRAVES.

### No. 995.

District Court, S. D. Texas, Houston Division. July 10, 1931.

Templeton, Brooks, Napier & Brown, of San Antonio, Tex., and Williams, Neethe & Williams, of Galveston, Tex., for plaintiff.

Vinson, Elkins, Sweeton & Weems, of Houston, Tex., for defendant.

HUTCHESON, Circuit Judge.

This case went to trial on a petition seeking judgment for the purchase price of stock, and for a recovery on account of certain bonds described in it. At the conclusion of the case plaintiff in a motion filed August 8, 1929, prayed for (1) the purchase price of the stock; (2) for recoveries on account of the bonds, aggregating $119,900 plus interest. Judgment was entered for the amount due on the stock; recovery on account of the bonds was denied.

Plaintiff thereupon filed his assignments of error as to the adverse judgment on the bonds. In the assignments of error and in

the brief pressing the appeal, he undertook to obtain in the Circuit Court of Appeals a reversal and rendition.

The brief of the plaintiff on cross-appeal asserted that the plaintiff was entitled to judgment for $217,000, and interest, and concluded: "Inasmuch as the contract and the undisputed evidence clearly shows the sums due, we respectfully submit that the judgment of the trial court, insofar as it denied recovery on the obligation of the bonds should be reversed and here rendered for plaintiff."

The Circuit Court of Appeals concurred in the view of the cross-appellant that the court below had erred in not recognizing some liability on the part of defendant on account of the bonds, saying: "We conclude that it was error to deny any recovery against the defendant for the breach of his promise with reference to the outstanding bonds of the gas company. The judgment is affirmed in so far as it was in favor of the plaintiff, and reversed in so far as it was in favor of defendant and the cause is remanded for further proceedings not inconsistent with this opinion." It overruled the request of cross-appellant that judgment be rendered in his favor and instead of either rendering or directing the trial court to enter the judgment for which he prayed there, reversed and remanded the cause for trial anew.

Now plaintiff comes with a motion asking this court to enter in his favor without a retrial the judgment which he asked the Circuit Court of Appeals to render, thus in effect seeking to obtain here what the order of the Circuit Court of Appeals has already denied him, with this difference, that whereas there he asked for $217,000 plus interest, here he asks first for $356,000, then for $447,000.

■ Plaintiff supports his motion with the citation of many authorities as to the power of the Circuit Court of Appeals and of this court in a case of this kind. These authorities I think make it clear that the relief which he asks for may not be given. They are all to the effect that where a case is tried to the court without a jury and has gone to judgment after full consideration on their merits of the issues which are legitimately in it, the Circuit Court of Appeals may either itself enter judgment, as in Bank of Waterproof v. Fidelity & Deposit Co., 299 F. 478; U. S. v. Illinois Surety Co., 226 F. 653, or send the case back to the District Court with directions to enter such judgment, as in U. S. v. Stark (C. C. A.) 32 F.(2d) 453; Routzahn v. Mason (C. C. A.) 13 F.(2d) 702. Here neither of these things was done, but on the contrary by refusing to render and by reversing and remanding the cause the Court of Appeals has in fact and in law directed that the case be tried anew on the cause of action as to the bonds.

■ If, however, I am incorrect in this and the order of that court may be construed as directing neither a retrial nor an entry of judgment, but reversing the case leaving to this court the decision of what action may be right and proper under the circumstances, I think it perfectly plain that for this court now to undertake to enter judgment for plaintiff upon its large and constantly growing claims, not upon a hearing of the cause, but upon a basis of the account filed with this motion, would be to substitute trial by accountant for the ordinary trial in a court of law, and to deprive defendant of that which is guaranteed to him, his day in court, upon whatever issues of law and fact remain undecided. If plaintiff is correct in his position that the Circuit Court of Appeals has decided in his favor every matter both of law and of fact which might be asserted by the defendant in the course of a retrial, he cannot be in any wise injured or prejudiced by such trial, but will, at the end of it, obtain that which that court has given him warrant to obtain.

If, on the other hand, as I think the opinion in the light of the record makes perfectly clear, that court merely decided that the judgment of the trial court in denying to plaintiff any relief upon the bonds is wrong in principle and sent the case back to have the issues affecting that claim fully and completely tried out, plaintiff will obtain his judgment for all or for that part of his claim which he can, upon a trial, make stand up.

By a retrial no single right that he has can be lost to plaintiff. No single advantage that he has not can be gained by defendant. Upon a retrial the merits of the cause of action on the bonds, which on the former trial was from the beginning and throughout in principle by the trial court absolutely rejected, may be developed both in action and in defense, according to the potency which it has derived from the Circuit Court of Appeals' opinion. Whether that action is a single one maintainable by plaintiff for himself and others for the entire loss due to the diminution in value of the bonds as the result of the breach; whether it furnishes the basis for a series of actions upon the interest coupons due and to become due; whether plain-

tiff may require the defendant to pay over to it the installments of the sinking fund in their actual amount, or in their amount as discounted; whether defendant may plead limitation; whether there is a defect of parties as to some or all of the bonds—in short, just what rights plaintiff has been given by the opinion of the Circuit Court of Appeals, and what defenses to the action defendant may still have, are all matters to be worked out in the course of an ordinary trial of the cause.

To the end, then, that that which I think it perfectly plain the Circuit Court of Appeals intended should be done may be done, the motion for judgment on the mandate is denied, and the cause is ordered placed upon the trial calendar for disposition in the due and ordinary course of proceedings.