667 F.2d 1116
 Robert G. GREGG, Philip W. McFarlane, Bituminous Casualty
Corporation, Appellants,
v.
Joseph J. MANNO, Jr., Inc., Appellee,
and
PRE-MIDDLE ATLANTIC, INC., Defendant,
v.
MAR DEL PENN BUILDERS, Third Party Defendant,
v.
Sam DIXON, Individually, and Nick Carter, Third Party Defendants.
 No. 80-1626.
 United States Court of Appeals,
Fourth Circuit.
 Argued Aug. 31, 1981.
Decided Dec. 23, 1981.
 
 Paul A. Gibbons, Baltimore, Md. (Fine, Gibbons, and MacMeekin, P.A., Baltimore, Md., on brief), for appellants.
 Robert Earl Wilson, Baltimore, Md. (Huber, Lutche & Wilson, Baltimore, Md., on brief), for appellee.
 Before WINTER, Chief Judge, and BUTZNER and SPROUSE, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 The principal issue in this case is whether the time within which an appeal can be taken to a district court from a magistrate's judgment is governed by statute or local rule. Because we find the statute to be controlling, we reverse the judgment of the district court and remand for further proceedings.
 
 
 2
 The parties tried this action before a magistrate and a jury. The jury found for the plaintiffs, but the magistrate granted the defendant's motion for judgment notwithstanding the verdict. Within 30 days the plaintiffs appealed to the district court. The court dismissed the appeal on the grounds that it had not been filed within the 10 days required by a local rule and that an amendment to the rule allowing 30 days within which to file an appeal was not applicable. From this judgment the plaintiffs appeal.
 
 
 3
 The jurisdiction of a magistrate to hear jury and nonjury civil actions, his authority to enter judgment, and the right of appeal are governed by 28 U.S.C. § 636(c). Subsection (1) confers jurisdiction on qualified magistrates to conduct civil proceedings with the consent of the parties and to enter judgment. Subsection (3) provides that an aggrieved party may appeal from the magistrate's judgment to the court of appeals "in the same manner as an appeal from any other judgment of a district court."[1] The manner of appealing a judgment of a district court to a court of appeals is governed by the Federal Rules of Appellate Procedure. Among other things, rule 4(a)(1) requires a notice of appeal to be filed within 30 days after the date of entry of the judgment.
 
 
 4
 Section 636(c) also furnishes an alternative route of appeal. Subsection (4) states that upon consent of the parties, an appeal may be taken to the district court instead of the court of appeals. Nevertheless, the statute directs that in this event the aggrieved party may appeal "in the same manner as on an appeal from a judgment of the district court to a court of appeals."[2]
 
 
 5
 Although the statute allows two different routes of appeal from a magistrate's judgment, in each instance similar language is used to describe the manner in which the aggrieved party is to appeal. A familiar canon of statutory construction states: "The same language used repeatedly in the same connection is presumed to bear the same meaning throughout the statute." But, "(t)his presumption will be disregarded where it is necessary to assign different meanings to make the statute consistent." 4 Sutherland, Statutes and Statutory Construction 138 (4th ed. C. Sands 1975). This principle also has been expressed in the following terms: "When the same word or phrase is used in the same section of an act more than once, and the meaning is clear as used in one place, it will be construed to have the same meaning in the next place." Lewellyn v. Harbison, 31 F.2d 740, 742 (3d Cir. 1929).
 
 
 6
 Sections 636(c)(3) and (4) present a proper occasion for applying the presumption that the same language has the same meaning throughout the statute. It is unnecessary to assign different meanings to make the statute consistent. Indeed, different meanings would appear to thwart the intent of Congress to allow an aggrieved party to appeal in the same manner regardless of the route he takes. Moreover, Congress's specific stipulation of the manner in which an appeal is to be taken negates the suggestion that the time for filing the appeal is governed by local rules. We therefore conclude that a notice of appeal from a judgment of a magistrate to a district court under § 636(c)(4) must be filed in like manner as an appeal to a court of appeals under § 636(c) (3)-that is, within 30 days from the entry of judgment.
 
 
 7
 The exhortation expressed in subsection (4) for the promulgation of rules to make appeals to the district court "expeditious and inexpensive" does not validate the district court's 10 day rule. The legislative history of the Federal Magistrate Act of 1979 discloses that a 1977 proposal provided for appeal to a district court "in the same manner as on an appeal from a judgment of a district court to a court of appeals except that no appendix to the briefs shall be required and all briefs may be typewritten with copies to be filed and served in such number as shall be specified by local rule of the district court."[3] The bill as enacted retained the provision describing the manner of appeal but modified the language of the exception. The specific directions about the appendix and briefs were changed to permit these matters to be addressed by rules.[4] The Federal Rules of Appellate Procedure allow flexibility with respect to the appendix and briefs,[5] and Congress obviously intended that the local rules should make the appeal to the district court in these respects expeditious and inexpensive. This legislative history demonstrates that Congress has never wavered from its expressed intent to allow an aggrieved party to appeal from a magistrate's judgment "in the same manner as on an appeal from a judgment of the district court to a court of appeals."
 
 
 8
 The district court's local rule requiring appeals from magistrates in civil cases to be filed within 10 days conflicts with the provision in § 636(c)(4) which we construe as allowing 30 days. The practice prescribed by the statute must prevail. See 28 U.S.C. § 2071; Palermo v. United States, 360 U.S. 343, 353 n.11, 79 S.Ct. 1217, 1225 n.11, 3 L.Ed.2d 1287 (1959). The judgment that dismissed the appeal from the magistrate to the district court is reversed, and the case is remanded for further proceedings.
 
 
 
 [1]
 28 U.S.C. § 636(c) provides in part:
 Notwithstanding any provision of law to the contrary-
 (3) Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate in the same manner as an appeal from any other judgment of a district court.
 
 
 [2]
 28 U.S.C. § 636(c)(4) provides in part:
 Notwithstanding the provisions of paragraph (3) of this subsection, at the time of reference to a magistrate, the parties may further consent to appeal on the record to a judge of the district court in the same manner as on an appeal from a judgment of the district court to a court of appeals. Wherever possible the local rules of the district court and the rules promulgated by the conference shall endeavor to make such appeal expeditious and inexpensive.
 
 
 [3]
 S. 1613, 95th Cong., 1st Sess., 123 Cong.Rec. 24,511 (1977)
 
 
 [4]
 See note 2, supra
 
 
 [5]
 See, e.g., Fed.R.App.P. 30 and 32