810 F.2d 195
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Doris I. WHITMAN, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary Department of Health and Human
Services, Defendant-Appellee,
 No. 86-2088.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 26, 1986.
Decided Jan. 21, 1987.
 
 Before PHILLIPS, ERVIN and CHAPMAN, Circuit Judges.
 Warren C. White, for appellant.
 Breckinridge L. Willcox, United States Attorney, Larry D. Adams, Assistant United States Attorney, Donald A. Gonya, Chief Counsel for Social Security, Randolph W. Gaines, Deputy Chief Counsel for Social Security Litigation, A. George Lowe, Chief, Disability Litigation Branch, and Marlene W. Heiser, Office of the General Counsel, Social Security Division, for appellee.
 PER CURIAM:
 
 
 1
 Doris I. Whitman appeals a grant of summary judgment by the United States magistrate affirming the Secretary of Health and Human Services' (the Secretary) denial of her application for disability benefits. The Secretary has moved to dismiss the appeal for lack of jurisdiction. We grant the motion.
 
 
 2
 The Secretary denied Whitman's benefits application on April 23, 1985. Whitman on May 31, 1985, filed a complaint under 42 U.S.C. § 405(g) in the United States District Court for the District of Maryland. Upon the consent of the parties, the case was referred under 28 U.S.C. § 636(c) to a magistrate for disposition. The parties also agreed to appeal the magistrate's determination directly to this Court. See 28 U.S.C. § 636(c)(3).
 
 
 3
 In an order entered on November 20, 1985, the magistrate affirmed the Secretary's denial of benefits. On May 2, 1986, Whitman filed a notice of appeal. Whitman also appended to her notice of appeal a prayer "for a new trial, if needed, under Rule 50(b), or at least reopening of the judgment, Amending the Judgment under Rule 52(b) if appropriate, and/or Rule 59, for new trial...." The Secretary moved to dismiss the appeal as untimely, and Whitman filed a response.
 
 
 4
 The jurisdiction of a magistrate to hear jury and nonjury civil actions, his authority to enter judgments, and the right of appeal are governed by 28 U.S.C. § 636(c). See Gregg v. Manno, 667 F.2d 1116 (4th Cir.1981). Section 636(c)(3) provides that an aggrieved party may appeal from a magistrate's judgment to the court of appeals "in the same manner as an appeal from any other judgment of a district court." The Federal Rules of Appellate Procedure govern the manner of appealing a district court's judgment.
 
 
 5
 In civil cases in which a United States officer or agency is a party, the notice of appeal may be filed within 60 days from the entry of the judgment or order appealed. Fed.R.App.P. 4(a)(1). Rule 4(a)(5) also permits appeal if a motion is filed not later than 30 days after expiration of the time prescribed in Rule 4(a), and if the district court, upon a showing of excusable neglect or good cause, extends the time for filing an appeal.
 
 
 6
 The period for appeal is tolled under Fed.R.App.P. 4(a)(4) when certain post-trial motions are filed. See Fed.R.App.P. 4(a)(4). In order to have this effect, a motion must be one of the motions listed in Rule 4(a)(4), and it must be timely. See Browder v. Director, Department of Corrections, 434 U.S. 257 (1978). Rule 6(b), Fed.R.Civ.P., prohibits enlargement of the time periods prescribed under Fed.R.Civ.P. 50(b), 52(b) and 59.
 
 
 7
 In the present action, the motion filed with the notice of appeal fell within the class of motions listed in Fed.R.App. 4(a)(4). However, it was filed 163 days after entry of the order affirming the denial of benefits, and consequently did not toll the period for appeal.[1] See Browder, supra, at 265. Since the notice of appeal was not filed within the 60-day period, we are without jurisdiction to hear this appeal. See Browder, supra, at 264-65. We therefore must dismiss the appeal.
 
 
 8
 The Secretary's motion to dismiss is granted. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 9
 DISMISSED.
 
 
 
 [1]
 An untimely motion under Rule 59 may be considered as a motion under Fed.R.Civ.P. 60 when it states grounds for relief under the latter rule. See Tribble v. Bruin, 279 F.2d 424 (4th Cir.1960). A motion under Rule 60(b) does not toll the period for appeal, however. See generally 7 J. Moore & J. Lucas, Moore's Federal Practice p 60.29 (2d ed. 1985). We note that the district court has not yet addressed the motion on its merits