**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6073**

ROBERT DEMETRIUS BARNES,

Petitioner - Appellant,

v.

B. MASTERS, Warden,

Respondent - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Senior District Judge. (1:14-cv-11923)

Argued: March 20, 2018                    Decided: May 10, 2018

Before DUNCAN, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Jennifer Safstrom, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Jennifer Maureen Mankins, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee. **ON BRIEF:** Erica Hashimoto, Director, Anjali Parekh Prakash, Supervising Attorney, Appellate Litigation Program, Carleton Tarpley, Student Counsel, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Carol Casto, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Demetrius Barnes ("Appellant") appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He asks us to order the Bureau of Prisons ("BOP") to recalculate the federal sentence he is presently serving to include the 19 months between his November 6, 2001 state court sentencing and his June 13, 2003 federal court sentencing. However, because a sentence logically cannot begin before the date on which it is imposed, Appellant's federal sentence cannot be made retroactively concurrent. Further, the sentencing court is prohibited from ordering the BOP to award credit toward a sentence for time served that has already been credited toward another sentence. Accordingly, we affirm.

I.

A.

Appellant was arrested on April 25, 2001, in Frederick County, Maryland, and held in state custody. He was ultimately convicted in Maryland state court of robbery and weapons offenses that occurred on March 1, 2001. He was sentenced in state court on November 6, 2001, to 14 years of imprisonment.

While Appellant was in state custody, federal authorities charged him with unrelated bank robbery and firearms offenses for conduct that occurred on March 21,

---

[1] "[T]he proper respondent to a [§ 2241] petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). At the time Appellant filed his petition, the warden of the facility in which he was detained was B. Masters ("Appellee").

2001. On April 17, 2003, Appellant pled guilty to these offenses. And on June 13, 2003, he was sentenced in federal court to 146 months of imprisonment for the bank robbery offense and 84 months of imprisonment for the firearms offense. The sentencing court ordered these two sentences to run consecutively, for a total sentence of 230 months of imprisonment, and further ordered that the federal sentence "run concurrent[ly] with the sentence now being served in the state system." J.A. 135.[2]

Appellant's state sentence concluded early on May 3, 2011, and he was released to BOP custody. In calculating Appellant's federal sentence, the BOP determined that his term of federal imprisonment began on June 13, 2003, the date of his federal sentencing. The BOP also awarded Appellant 195 days of prior custody credit pursuant to *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971) (holding that federal prisoner may receive sentence credit for time spent in presentence custody), for the time he spent in state custody between April 25, 2001, the date of his arrest, and November 6, 2001, the date of his state sentencing. Thus, according to the BOP's calculation, Appellant's federal sentence of 230 months of imprisonment would be fully served in January 2022.

---

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.



B.

On March 10, 2014, Appellant, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the BOP "improperly calculat[ed]" his term of imprisonment by "denying him Federal credit for time served despite Sentencing Judge intending the Federal sentence to run concurrently with State sentence." J.A. 7. Specifically, Appellant asserted that the BOP failed to award him prior custody credit for the 19 months he spent in state custody between November 6, 2001, the date of his state sentencing, and June 13, 2003, the date of his federal sentencing.

The magistrate judge issued a report recommending that Appellant's petition be denied because 28 U.S.C. § 3585(b) prohibits the BOP from awarding "double credit" for time spent in prior custody that has been credited toward another sentence. Appellant timely filed objections to the magistrate judge's report, arguing that the sentencing court

5

had intended, pursuant to U.S.S.G. § 5G1.3,[3] to give him credit for the entirety of his state sentence. The district court adopted the magistrate judge's proposed findings and recommendation, reasoning that Appellant could not receive credit for the 19 month period because it had been credited toward his state sentence. The district court declined to consider the sentencing court's intent "because § 3585(b) governs the situation." J.A. 147. Therefore, the district court denied Appellant's petition. Appellant timely appeals.[4]

## II.

### A.

When sentencing a defendant "who is already subject to an undischarged term of imprisonment," the sentencing court may order that the sentence run concurrently to the undischarged term. 18 U.S.C. § 3584(a). In making this determination, the sentencing court considers the 18 U.S.C. § 3553(a) factors. *See id.* § 3584(b). In addition, the sentencing court is guided by U.S.S.G. § 5G1.3(c), which specifies when a defendant is subject to a permissive concurrent sentence. *See United States v. Mosley*, 200 F.3d 218, 222 (4th Cir. 1999) (per curiam). U.S.S.G. § 5G1.3(c) governs the imposition of concurrent sentences when the federal offense is unrelated to the offense for which the

---

[3] All references to the U.S.S.G. are to the 2002 edition in effect at the time of Appellant's federal sentencing.

[4] The district court's order denying Appellant's petition also denied him a certificate of appealability. But as Appellant points out, a certificate of appealability is not necessary in this case because Appellant filed his petition pursuant to § 2241. *See* 28 U.S.C. § 2253(c)(1) (providing that a certificate of appealability is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "the final order in a proceeding under [§] 2255").

defendant is serving an undischarged term of imprisonment.[5]  It provides that the sentencing court may impose a sentence "to run concurrently" or "partially concurrently" to the undischarged term "to achieve a reasonable punishment for the . . . offense." U.S.S.G. § 5G1.3(c).

B.

Appellant argues that U.S.S.G. § 5G1.3(c) allows the sentencing court to impose a sentence that is fully retroactively concurrent with the undischarged term of imprisonment the offender is serving at the time of his federal sentencing.  Essentially, Appellant argues that the sentencing court may order the federal sentence being imposed and the undischarged term of imprisonment to have the same start date.  But U.S.S.G. § 5G1.3(c) does not authorize the sentencing court to impose a fully retroactively concurrent sentence.

1.

As an initial matter, Appellant asserts that we cannot consider Appellee's counterarguments, claiming that Appellee waived these issues by failing to raise them below.  But Appellant's argument that U.S.S.G. § 5G1.3(c) allows the sentencing court to impose a fully retroactively concurrent sentence was far from clear until he filed his pro se objections to the magistrate judge's report.  Moreover, the district court did not order Appellee to respond to these objections, and Appellee did not do so.  Therefore, Appellee

---

[5] "Although § 5G1.3(c) is a policy statement, [we] enforce[] it like a guideline." *Mosley*, 200 F.3d at 222 n.5 (citing *United States v. Wiley-Dunaway*, 40 F.3d 67, 70–71 (4th Cir. 1994)).

7

raises these counterarguments now, at his first opportunity since they were fully presented.

2.

The earliest date on which a federal sentence may commence is the date on which the sentence is imposed. "[A] federal sentence cannot commence prior to the date it is pronounced, *even if made concurrent with a sentence already being served.*" *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) (emphasis supplied); *see Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011) ("[A] federal sentence cannot commence until a prisoner is sentenced in federal district court . . . ."); *Caloma v. Holder*, 445 F.3d 1282, 1285 (11th Cir. 2006) (quoting *Flores*, 616 F.2d at 841); *United States v. Gonzalez*, 192 F.3d 350, 355 (2d Cir. 1999) (holding that a sentencing court cannot "backdate" a sentence in order "to give [a defendant] credit for the time spent in custody"). Nothing in the language of U.S.S.G. § 5G1.3(c) authorizes the sentencing court to maneuver around this commonsense notion.

3.

Moreover, U.S.S.G. § 5G1.3(b)'s application notes clarify that a concurrent sentence "run[s] concurrently with the . . . months remaining" on the undischarged term of imprisonment. U.S.S.G. § 5G1.3 cmt. 2; *see Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983) ("[T]he second sentence runs together with *the remainder* of the one then being served." (emphasis in original)). Specifically, the application notes instruct the sentencing court to make an adjustment, pursuant to § 5G1.3(b), to the sentence ultimately imposed to account "for any period of imprisonment already served . . . if the

8

court determines that the period of imprisonment will not be credited to the federal sentence by the [BOP]." U.S.S.G. § 5G1.3 cmt. 2. If "concurrently" as used in § 5G1.3(b) meant "fully retroactively concurrently," then there would be no need for such an adjustment because a concurrent sentence would commence on the same date as the sentence the offender is already serving.

Thus, "concurrently" clearly does not mean "fully retroactively concurrently" in § 5G1.3(b), and there is no reason why the term "concurrently" should have a different meaning in § 5G1.3(c). *See Gregg v. Manno*, 667 F.2d 1116, 1117 (4th Cir. 1981) ("When the same word or phrase is used in the same section of an act more than once, and the meaning is clear as used in one place, it will be construed to have the same meaning in the next place."). U.S.S.G. § 5G1.3(c) does not permit the imposition of a fully retroactively concurrent sentence. *See United States v. Fermin*, 252 F.3d 102, 109 (2d Cir. 2001) (noting that § 5G1.3(c) "provides considerable latitude to the sentencing court to fashion a consecutive, partially concurrent, or concurrent sentence *as to the remaining portion of the preexisting sentence*" (emphasis supplied)). Therefore, a concurrent sentence imposed pursuant to U.S.S.G. § 5G1.3(c) also runs concurrently with the remaining portion of the undischarged term of imprisonment.

C.

Further, Appellant's sentence could not be fully retroactively concurrent because he was sentenced to 84 months of imprisonment for a firearms offense that cannot "run concurrently with any other term of imprisonment imposed on the person," whether state or federal. 18 U.S.C. § 924(c)(1)(D)(ii); *United States v. Gonzales*, 520 U.S. 1, 11

9

(1997). Appellant was sentenced in state court to a term of 14 years of imprisonment. The federal sentencing court sentenced Appellant to 146 months of imprisonment for the bank robbery offense, which is fewer than 14 years of imprisonment. Therefore, if Appellant's federal sentence commenced on the same date as his state sentence, at least some portion of his 84 month sentence for the firearms offense would have impermissibly run concurrently to his 14 year state court sentence. *See* 18 U.S.C. § 924(c)(1)(D)(ii). And at the time of Appellant's federal sentencing, the sentencing court had no way of knowing that Appellant would be released early from his state sentence.

D.

Of particular note, U.S.S.G. § 5G1.3(c) does not permit the sentencing court to override the BOP's exclusive authority, pursuant to 18 U.S.C. § 3585(b), to calculate the amount of prior custody credit to which a federal offender is entitled. It merely grants discretion to the sentencing court to impose an appropriate sentence.

"After a district court sentences a federal offender, the [BOP] has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). This responsibility includes the calculation of prior custody credit pursuant to 18 U.S.C. § 3585(b). *See id.* The BOP must give a defendant "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences," as long as that time "has not been credited against another sentence." 18 U.S.C. § 3585(b). Thus, the BOP cannot credit the 19 months

10

toward Appellant's sentence because that period has been credited toward another sentence. *See id.*

The sentencing court has no authority "to compute the amount of the credit" or "to award credit at sentencing." *Wilson*, 503 U.S. at 333–34; *see United States v. Dorsey*, 166 F.3d 558, 560 (3d Cir. 1999) ("In *Wilson*, the Supreme Court held that, despite the ambiguity as to who was to award credit for time served, only the BOP has the authority under [§] 3585(b) to award such credit."). Therefore, the sentencing court cannot order the BOP to award prior custody credit, which effectively means that the sentencing court cannot pronounce a sentence and order "credit for time served." If the sentencing court cannot order the BOP to award credit for time served, it stands to reason that we are likewise powerless to do so. As a result, the district court properly denied relief to Appellant.

## III.

For the foregoing reasons, the district court's order is

*AFFIRMED.*