SAMUEL WINSLOW SKATE MFG. CO. v.
UNITED STATES.
No. H–74.

Court of Claims.
June 1, 1931.

Jay Clark, Jr., of Worcester, Mass., for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WHALEY, WILLIAMS, LITTLETON, and GREEN, Judges.

BOOTH, Chief Justice.

This tax case involves a construction of section 900 of the Revenue Act of 1918 (40 Stat. 1057, 1122). The sole issue is whether the excise tax of ten per centum of the price for which a certain type of roller skates was sold applies to that type. The taxing act taxed the manufacturer, producer, or importer ten per centum of the price for which "skates" were sold, and plaintiff contends that sidewalk roller skates, manufactured and adapted for use by children of from seven to twelve years of age in skating on sidewalks, are not taxable, and seeks refund of the taxes collected by the Commissioner of Internal Revenue upon all such roller skates.

The plaintiff is a Massachusetts corporation engaged, among other activities, in manufacturing ice, roller, and what it designates as sled skates. On November 17, 1920, the Commissioner of Internal Revenue assessed against the plaintiff the following taxes: $48,502.97 tax, $14,550.91 penalties. The plaintiff had not made any excise tax returns under the act of 1918.

Section 900 of the Revenue Act of 1918 (40 Stat. 1057, 1122) provides as follows:

"Sec. 900. That there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—* * *

"(5) Tennis rackets, nets, racket covers and presses, skates, snowshoes, skis, toboggans, canoe paddles and cushions, polo mallets, baseball bats, gloves, masks, protectors, shoes and uniforms, football helmets, harness and goals, basket-ball goals and uniforms, golf bags and clubs, lacrosse sticks, balls of all kinds, including baseballs, footballs, tennis, golf, lacrosse, billiard and pool balls, fishing rods and reels, billiard and pool tables, chess and checker boards and pieces, dice, games and parts of games (except playing cards and children's toys and games), and all similar articles commonly or commercially known as sporting goods, 10 per centum."

The plaintiff on July 2, 1924, filed its claim for a refund of $18,678.63 of the total amount of tax paid for the months of February to November, 1919, inclusive, predicating its claim upon an allegation that sidewalk roller and sled skates did not fall within the taxing statute and hence were not taxable. The refund claim was rejected by the Commissioner on December 1, 1924. This suit is for the recovery of said sum.

Plaintiff's insistence in its final analysis converges to the single issue, that the word "skates" in the taxing act includes only ice skates. True, it concedes tax liability and paid taxes upon an alleged type of roller skates, but this concession is rested upon the so-called residuary clause of the revenue law taxing "all similar articles commonly or commercially known as sporting goods." The record establishes that for many years prior to the period herein involved the plaintiff manufactured and sold several types of roller and ice skates. One type of roller skates was constructed along substantial lines, made strong and durable for theatrical and athletic use. Another type, less substantial, adapted more for general adult use, was made and sold in quantities. A third type differing from the ones just mentioned, while constructed along identical lines, was somewhat lighter in weight, doubtless an inducement for purchase, appealing to skaters desiring a minimum of weight. The fourth type, the type exclusively involved in this suit, designated as "sidewalk roller skates," was of light weight, much less substantial as to parts of construction and designed especially for children. Means for adjusting the skates to varying sizes of shoes obtained, and, in so far as the skate itself is concerned, differed from all the previous types only in material used to make the same. They were not intended for adult use because not susceptible to the wear and tear such use necessarily involved. The plaintiff insists that they are classifiable as children's toys and hence exempt from taxation under the revenue act. Section 900 of the Revenue Act under consideration, after designating by name a large number of articles known as sporting goods,

provides in this connection as follows: "Games and parts of games (except playing cards and children's toys and games), and all similar articles commonly or commercially known as sporting goods." If this contention is sustainable, as pointed out in defendant's brief, the above parenthetical clause modifies the taxability of each of the articles enumerated in the statutes, and is distinct legislation intended to exempt any of the articles mentioned if they are in fact mere toys. Aside from the fact that the punctuation used and the obvious intention of the law negative plaintiff's argument, we do not believe this particular type of skates may be considered as children's toys within the meaning of the taxing statute. Beyond doubt, they are so constructed as to glide over concrete walks, function in every particular as adult skates function, and afford the same pleasurable sensation that roller skates in general afford. A child sufficiently old to use them may adjust them for use, and they are in no sense mere imitations of useful articles which serve to amuse and entertain children, but which in themselves are incapable of functioning as the original and are not so designed and intended. A child acquiring a miniature pair of roller skates to affix to a doll or other imitation of a person acquires a mere toy. A child acquiring a pair of sidewalk roller skates uses them for an entirely different purpose than noted above, and obtains precisely the same sensations and exercise an adult obtains from their use. They are not toys in the ordinary and common acceptation of the term, but, as we think, a type of roller skates made and adapted for the use of children old enough to use roller skates and especially useful for the designed purpose. The plaintiff in its interesting and able brief urges as a means of construing the statute that the Congress used the word "skates" in its commonly accepted trade and commercial meaning, and that as so used it could not include any other type of skates than ice skates. A large number of cases are cited to sustain the contention. The cases cited have to do exclusively with the classification of merchandise imported into the United States, and involve without exception the applicable tariff rates to the same. The cases cited, too many to review, do not, we think, apply. The revenue act under consideration was passed at a time when Congress was intending to tax articles which a majority of the people could very well get along without, i. e., luxuries and semiluxuries. As a source of revenue Congress resorted to this class of articles and imposed upon them a tax to help defray the enormous expense of the war and

was, we think, intending to use descriptive designations in their generic sense, a tax imposed in accord with the taxpayers' ability to pay and necessarily and essentially incapable of being set forth in detail in all respects, and hence made general as to the subject matter by the residuary clause of the statute. LaBelle Iron Works v. United States, 256 U. S. 377, 386, 41 S. Ct. 528, 65 L. Ed. 998. In the case of Jordan v. Roche, 228 U. S. 436, 445, 33 S. Ct. 573, 575, 57 L. Ed. 908, the court said:

"A general answer to them is that the purpose of the Foraker act was, as we have said, to subject Porto Rican articles to the internal revenue laws of the United States, and under those laws, articles are taxed not by their commercial names or uses, but according to their alcoholic content, under the generic name of 'distilled spirits.'"

We think the fact that sidewalk roller skates were commercially known as toys is immaterial. A taxing act is involved and its terms prevail. Congress was not dealing with commercial distinctions, but with articles as generally understood and recognized.

What we have said applies with equal force to sled skates. We think the different types of skates made and sold by the plaintiff were in all respects skates, and that the variation in design and structure was no more than a purpose to cater to the wants of those desiring to use skates, either roller, ice, sled, or sidewalk, a commercial intent to supply the trade with a type of skate adapted to the particular use and status of the prospective customers, a mere variation in style and structure of an existing and long-identified article of amusement and exercise well known and easily recognizable as "skates."

The petition will be dismissed. It is so ordered.