EDWARD J. DARBY & SON, Inc., v. ROTH-ENSIES, Collector of Internal Revenue.

No. 7530.

Circuit Court of Appeals, Third Circuit.

Dec. 3, 1940.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and John A. Gage, Sp. Assts. to Atty. Gen., Edward A. Kallick, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for appellant.

E. Stanley Richardson and Middleton, Blakeley & Richardson, all of Philadelphia, Pa., for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The appeal calls for a determination of whether hole cups, flag poles and markers designed for use on golf links are subject to the excise levied by Section 609 of the Revenue Act of 1932, c. 209, 47 Stat. 169, 264, 26 U.S.C.A. Int.Rev.Acts, page 612.[1] The court below has held that they are not, construing Section 609, as levying a tax upon articles in three categories, viz., (1) the specifically named articles, (2) "games and parts of games", and (3) "all similar articles commonly or commercially known as sporting goods". Then applying the familiar rule of expressio unius, the court reached the conclusion that the phrase "parts of games" necessarily must refer to games not previously specified. We are convinced that this construction is erroneous.

Aside from "games and parts of games", the statute enumerates at least thirteen groups of specific articles related generally to others within the respective groups. A typical example of these related articles is "baseball bats, gloves, masks, protectors, shoes and uniforms." We can see no reason why the phrase "games and parts of games" should be regarded as a generality from which is to be excluded any part of a game specified in the thirteen groups. Such a result is not in accord with the rules of statutory construction because the generality of the phrase is itself expressly qualified by the words "except playing cards and children's toys and games" followed by the catch-all clause relating to sporting goods. To express this in another way, we state that the phrase "games and parts of games" is itself a kind of catch-all or basket clause intended to bring within the purview of the taxing act all articles designed and intended for games whether included in the thirteen categories or not. A similar view was expressed by the Court of Claims in the case of Mills Novelty Company v. United States, 50 F.2d 476, in construing the identical language of Section 900, subdivision 5, of the Revenue Act of 1918 (40 Stat. 1122). We think that it was the intention of Congress to eliminate any question as to the tax status of the articles specifically listed but not by that specification to exclude from taxation other articles designed or intended for use in the games in which the specific articles enumerated are used.

The judgment is reversed and the cause is remanded with directions to enter judgment for the defendant.

---

[1] "§ 609. Tax on Sporting Goods

"There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: Tennis rackets, tennis racket frames and strings, nets, racket covers and presses, skates, snowshoes, skis, toboggans, canoe paddles, polo mallets, baseball bats, gloves, masks, protectors, shoes and uniforms, football helmets, harness and uniforms, basket ball goals and uniforms, golf bags and clubs, lacrosse sticks, balls of all kinds, including baseballs, footballs, tennis, golf, lacrosse, billiard and pool balls, fishing rods and reels, billiard and pool tables, chess and checker boards and pieces, dice, games and parts of games (except playing cards and children's toys and games); and all similar articles commonly or commercially known as sporting goods."