## CHICAGO FLAG & DECORATING CO. v. UNITED STATES.

### No. 7474.

Circuit Court of Appeals, Seventh Circuit.
March 10, 1941.

Rehearing Denied May 19, 1941.

J. Albert Woll, U. S. Atty., of Chicago, Ill., and Samuel O. Clark, Jr., Asst. Atty. Gen., for appellant.

John C. Trussell, of Chicago, Ill., for appellee.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Plaintiff makes a material which can be and is largely used as golf flags. They are attached to a staff, and the staff is inserted in the cup on the green. Defendant assessed a 10% tax upon the price for which they were sold, because of Section 609 of

the Revenue Act of 1932, 26 U.S.C.A. Int. Rev.Acts, page 612, which is reproduced in the margin.*

The court found for the plaintiff and held the statute inapplicable.

It was stipulated that plaintiff does not sell at retail or directly to any golf course (excepting in a few isolated cases), but all of its sales were made to persons or corporations whose business, in part at least, consisted of sales of golf course equipment, and the purchasers in turn sold such flags to various golf clubs or the owners or operators of golf courses. Plaintiff does not sell to sporting goods stores or houses. Its flags are not ready for immediate use on golf courses, but must first be supplied with a small cord or rope and tied to or otherwise attached to a staff. Plaintiff does not assemble the flags and poles, nor does it deal in or sell the golf staff and does not in any manner sell the flags in combination with the staffs. Plaintiff's list of customers included some who were not golf equipment dealers exclusively. The extent to which they are sold for golf purposes is shown by plaintiff's counsel, who said:

"* * * Our point goes to this, Your Honor: The flags are sold to these dealers who sell by retail to numerous other parties. Now, they might sell one of these flags to a truck company or anybody. We are not trying to contend that the greater part of them are not used for golf courses. We presume they are, * * *."

Most golf flags carry a number, but approximately thirty percent of the flags sold by plaintiff were without numbers.

A rule of the United States Golf Association reads:

"The flag stick may at any time be held up so as to indicate the position of the hole. * * *

"Either side is entitled to have the flag stick removed at any time, * * *."

The substance of the District Court's decision is largely the position which plaintiff takes in this court. He said:

"These flags are not games or parts of games within the meaning of Section 609 of the Revenue Act of 1932. Rather, they are part of the equipment of the grounds on which the game is played.

"Nor are the flags sporting goods within the meaning of the act. * * * At best whether the statute should be construed to cover golf flags is uncertain, and the statute must be construed most favorably to the taxpayer. * * * A taxing statute should be certain so that the citizen may know whether he or his business is subject to the tax. It is worthy of note that while the statute in question was passed in 1932 the government did not claim that these goods were taxable until 1936."

The Government stresses the Regulations promulgated to interpret the section under consideration, and the prior enactment dealing with the special tax on sporting goods. Under the Regulations issued in 1920, Article 18, golf flags were specifically mentioned. It provided:

"Among the articles, not all of which are specifically mentioned in the Act, but which are subject to the tax, the following, while not intended to be exhaustive, will serve for the purpose of illustration * * * golf clubs, cork grips, bags, markers, tees, counters, gloves, disks, *flags*, rims, * * *."

The Regulations for the 1932 Act, Regulations 46, Article 53, provide

"The term 'sporting goods' includes all articles of the same general character as those specifically named, the purpose of which is primarily for use either indoors or outdoors in connection with a game or sport.

"The term 'game' includes games of skill * * * and every device, or combination of articles which is designed to furnish sport, recreation, or amusement."

Article 54:

"The following list, while not exhaustive, is illustrative of the type of articles subject to the tax as sporting goods: All paraphernalia, equipment * * * spe-

---

* "There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: Tennis rackets, tennis racket frames and strings, nets, racket covers and presses, skates, snowshoes, skis, toboggans, canoe paddles, polo mallets, baseball bats, gloves, masks, protectors, shoes and uniforms, football helmets, harness and uniforms, basketball goals and uniforms, golf bags and clubs, lacrosse sticks, balls of all kinds, including baseballs, footballs, tennis, golf, lacrosse, billiard and pool balls, fishing rods and reels, billiard and pool tables, chess and checker boards and pieces, dice, games and parts of games (except playing cards and children's toys and games); and all similar articles commonly or commercially known as sporting goods."

cially designed for or commonly used in * * * golf."

 The familiar rule that long standing administrative interpretations of a taxing statute are deemed to have been adopted by Congress when it re-enacts the same statute, is here applicable. It is argued that the change in wording whereby the term "golf flags" was excluded, although it existed in earlier regulations, is not significant and did not materially affect the construction of the Regulation.

In the field of judicial precedents we find Edward J. Darby & Son v. Rothensies, 3 Cir., 116 F.2d 268. The case is squarely in point and holds golf flags subject to the tax.

It is not without some doubt that we hold plaintiff's goods to be classed as golf flags and as such they are "parts of games" or "similar articles commonly or commercially known as sporting goods." In reaching this conclusion we are puzzled by the self-applied question, "If this material, sold to equipment houses who sell to golf courses to be used on staffs in cups, on greens, is not known as 'sporting goods' what is it?"

While the case of Brunswick-Balke-Collender Co. v. Harrison, 7 Cir., 116 F.2d 786, a decision by this court, is readily distinguishable, in point of fact, it contains a history of the sporting goods tax statute, and a list of articles which logically falls within and another list that is outside the tax statute. It is clear from that opinion that there are substantial differences (so far as the text of sporting goods is concerned) between "bowling alleys" and "golf flags." The differences, in fact, may be sufficient to exclude bowling alleys from the taxable list, but golf flags fall clearly within the purview of the statute.

What has troubled us, is the inclusion of red squares of cloth, unattached to poles, which squares may be used for WPA work flags, for danger signals, and other miscellaneous purposes, but would nevertheless be within the purview of the taxing statute.

Our conclusion is based on the assumption established by the record, that at least 70% of them bore numerals on them —thus identifying their use for golfing purposes—and the tax here imposed was only upon those flags actually devoted to golf course use. They are "sporting goods."

It is most unfortunate, if it be true, as the record indicates, that the taxpayer here was informed by government agents that his product was not within the Act. After this information was thus given, a tax was imposed with interest. This is harsh. Nevertheless, it is the statute, not the opinion of counsel or experts, which finally governs. The scope and application of the statute can not be limited or restricted by government agents.

The judgment is reversed with directions to enter one in accordance with the views here expressed.