## SACKMAN BROS. CO. v. HOEY, Collector of Internal Revenue.

### No. 166.

Circuit Court of Appeals, Second Circuit.

Jan. 31, 1942.

Levisohn, Niner & Levisohn, of New York City (Isidor Niner and Julius Weiss, both of New York City, of counsel), for appellant.

Mathias F. Correa, U. S. Atty., of New York City (William L. Lynch, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

PER CURIAM.

The question presented by this appeal is whether certain garments manufactured and sold by the plaintiff as "Baseball Play Suits" in age sizes 12 to 16 inclusive were taxable as "baseball uniforms" or "similar articles commonly or commercially known as sporting goods," within the meaning of section 609 of the Revenue Act of 1932, 47 Stat. 264, 26 U.S.C.A. Int.Rev.Acts, page 612.

The plaintiff manufactures a line of children's garments which it sells as "play suits." They are made in age sizes ranging from 4 to 16 inclusive and include garments called "Baseball Play Suits" which are. made in imitation of baseball uniforms worn by professional players, except that they are inferior in quality of material and bear insignia on front and back with the words "Mickey Mouse" or "Dizzy Dean" and "Daffy Dean." They are sold to chain stores and department retail stores but not to sporting goods stores. The commissioner of internal revenue determined that the plaintiff's "Baseball Play Suits" in age sizes 12 to 16 inclusive were taxable under section 609 and assessed a tax of $3,-591.17 on sales thereof between June 21, 1932, and May 31, 1935. The tax was paid under protest, a timely claim for refund was filed and rejected, and the present action was brought to recover said sum with interest. The case was tried to a jury, which found in answer to specific questions that the plaintiff's baseball play suit of said age sizes was a "baseball uniform" and was "included in either the common or commercial sense of the phrase sporting goods." Accordingly the jury, pursuant to instructions, found a verdict for the defendant and judgment was entered dismissing the complaint on the merits.

Article 54 of Treasury Regulations 46 has construed the statute to tax "all paraphernalia, equipment and uniforms specially designed for or commonly used in athletic contests, * * * baseball * * * and similar games and contests." It is not suggested that this is not a reasonable and valid regulation. We entertain no doubt that the plaintiff's suits in the larger sizes which were subjected to tax were taxable as "uni-

forms" designed for or commonly used in baseball games. Though used by children, they are not within the statutory exception of "children's toys and games." See Samuel Winslow Skate Mfg. Co. v. United States, Ct.Cl., 50 F.2d 299, certiorari denied sub nom. Endicott v. United States, 285 U.S. 555, 52 S.Ct. 456, 76 L.Ed. 944. We believe that the tax can also be supported on the jury's finding that the suits were "sporting goods." See Art. 53, Reg. 46. It is not material that the plaintiff does not sell its products to sporting goods stores. Chicago Flag & Decorating Co. v. United States, 7 Cir., 119 F.2d 413. No error appears in the Judge's charge or refusals to charge or in the exclusion of evidence. Accordingly the judgment is affirmed.