**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Juan A. FLORES, Defendant-Appellant.**

**No. 79–2936**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

May 8, 1980.

---

\* Fed.R.App.P. 34(a); 5th Cir.R. 18.

David J. Gottlieb, University of Kansas School of Law, Lawrence, Kan., for Kansas Defender Project, amicus curiae.

J. A. Canales, U. S. Atty., John M. Potter, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

GODBOLD, Circuit Judge.

Flores was convicted of a drug offense and on February 12, 1976, was sentenced to three concurrent ten-year sentences with five years special parole. Later he pleaded guilty to another drug offense and on December 13, 1976, was sentenced to ten years in prison but with five years special parole "to run concurrently with the sentence imposed in [the first case]."

The sentences could not be concurrent in the sense of having the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served. *Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir. 1972).

Petitioner filed several motions to vacate. First he filed one through counsel in which he alleged:

> It was the understanding of this defendant, that pursuant to his plea bargaining agreement entered in this cause with the United States Attorney, and approved by the court, that the ten (10) year sentence assessed in this case would not extend or increase his period of incarceration.

Then he filed a pro se motion stating that in the second case he:

> Plead guilty with a plea bargain that any time he received would run concurrently with the sentence imposed earlier . . . and he "*would not* have to do one more day than he already had." (Ten years.)

Later his trial attorney filed an affidavit stating that a plea bargain was made, and that he understood that in return for dismissing the appeal in the first case and entering a plea of guilty to one count of the indictment in the second case, Flores would receive a ten-year sentence "to run fully concurrent" with the ten-year sentence already received in the first case.

The district court denied the petition on the ground that the record of the sentencing proceeding showed no mention of any agreement beyond the agreement that the second sentence would be concurrent.[1]

---

1. The government represents to us by written instruments filed with this court that after the appeal was docketed Flores was released on parole and later was ordered deported to Mexico, and that presently he is at large on bail pending appeal from the deportation order. The case is not moot because of the parole and the possibility that Flores will be deported, nor

 Flores' appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing. *Lenhardt v. U. S.*, 416 F.2d 1254, 1255 (5th Cir. 1969). This being so the proceedings were properly filed in the sentencing court and not in the district court in Kansas where Flores was imprisoned.

On the merits, Flores is barred from relief by *Bryan v. U. S.*, 492 F.2d 775 (5th Cir. 1974) en banc, *cert. denied*, 419 U.S. 1079, 1117, 95 S.Ct. 668, 798, 42 L.Ed.2d 674, 817 (1974), and our succeeding cases, *e. g., U. S. v. Dabdoub-Diaz*, 599 F.2d 96, 100 (5th Cir.), *cert. denied*, —— U.S. ——, 100 S.Ct. 164, 62 L.Ed.2d 107 (1979); *Thomas v. Estelle*, 550 F.2d 1014, 1016 (5th Cir. 1977); *Dugan v. U. S.*, 521 F.2d 231, 233 (5th Cir. 1975). Flores has presented only his bare assertion that the bargain made was that he would not have to do one more day in time than he was already required to do. He has not alleged who made such a representation or promise and whether it was made by someone representing the government or was simply his counsel's erroneous construction of what a concurrent sentence means. Counsel's affidavit is no more helpful. It sets out his erroneous impression that a concurrent sentence means a "fully concurrent" sentence, but he does not say that this misconception originated with the government rather than from his own misunderstanding of the law. The allegations are not sufficient to require a hearing on the validity of a guilty plea allegedly induced by an unkept promise.

 A hearing is not required on an assertion of an unkept plea bargain when no more is alleged than that the defendant's expectation has been disappointed or that he or his counsel misunderstood his legal position. It is possible that Flores entered his plea of guilty expecting his second sentence to begin on the same day as the first sentence and to terminate on the same day and that his counsel expected the same thing. But these expectations alone are not enough to invalidate the plea bargain or to trigger the right to a hearing.

AFFIRMED.

_____

can we dispose of the case on the government's argument that it concerns a trivial matter not worthy of the court's time.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.