943 F.2d 58
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Brett ALLEN, Defendant-Appellant.
 No. 91-3166.
 United States Court of Appeals, Tenth Circuit.
 Sept. 9, 1991.
 
 Before MCKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 John Brett Allen, a pro se federal prisoner, brought an action under 28 U.S.C. § 2255 (1988) to vacate his plea of guilty to an escape charge. Allen in essence alleged that his plea was not knowing and voluntary due to misrepresentations made to him about the consequences of the plea. It appears that Allen was under the impression when he pled that his parole date would be calculated on the basis of the applicable parole guidelines and good time earned. However, the Parole Commission found him to be a poorer parole risk than shown by his salient factor score and set his parole date above the guideline range.
 
 
 3
 The district court construed Allen's motion as one in the nature of an attack on the execution of his sentence. The court held that his action was properly cognizable as one under section 2241 rather than section 2255. Because a claim under section 2241 must be filed in the district of incarceration, in this case Colorado, the court concluded it had no jurisdiction over that aspect of Allen's claim. The court concluded alternatively that, to the extent Allen's action was based on the asserted misrepresentations, his allegations were insufficient. The court therefore dismissed that portion of Allen's claim over which it believed it had jurisdiction.
 
 
 4
 We are not convinced that the district court was correct in viewing Allen's action as one attacking the execution of his sentence. Allen is not requesting relief directed to the Parole Board, nor has he requested a parole date set within the guideline range. Instead he seeks to have his plea vacated on the ground that he was misled as to its consequences. This claim, which alleges errors occurring at or before sentencing, is properly brought under section 2255 in the sentencing court. See United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).
 
 
 5
 Nonetheless, we agree with the district court that Allen's allegation with respect to the asserted misrepresentations are insufficient. He has not alleged who made the representations or even specifically described them. A bare allegation such as this one is "not sufficient to require a hearing on the validity of a guilty plea allegedly induced by an unkept promise." Id. Allen's subjective expectations or a misunderstanding of his legal position, without more, do not call into doubt the validity of his plea. See id.; see also United States v. Maranzino, 860 F.2d 981, 985 (10th Cir.1988).
 
 
 6
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3