United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10784
Summary Calendar

PEDRO ANGEL LUGO-CUERO,

Petitioner-Appellant,

versus

UNITED STATES BUREAU OF PRISONS,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CV-181
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pedro Angel Lugo-Cuero, federal prisoner # 85038-012, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Lugo-Cuero argues that the district court erred in finding that he was not entitled to additional credit against the 180-month component of his sentence. Lugo-Cuero argues that credit for both the concurrent 70-month and 180-month sentences should have begun when the 70-month sentence was imposed on March 8, 1993. The Bureau of Prisons (BOP) calculated Lugo-Cuero's sentence as beginning on March 8, 1993, but calculated the 180-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

month sentence as beginning on September 14, 1994, when it was imposed, and running concurrently to the remaining part of the 70-month sentence. In reviewing the denial of habeas relief under 28 U.S.C. § 2241, this court reviews the district court's findings of fact for clear error and issues of law de novo. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

Included in Lugo-Cuero's argument are the assertions that the plea agreement, U.S.S.G. § 5G1.3, and 18 U.S.C. § 3584(a) bound the sentencing court to impose a concurrent sentence beginning on the date of the first conviction. To the extent that these arguments attack the validity of Lugo-Cuero's sentence rather than how the sentence is executed, they are not properly before the court. United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980); Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990).

18 U.S.C. § 3585(b) does not mandate that Lugo-Cuero be given the credit he seeks. A district court does not have the authority under 18 U.S.C. § 3585(b) to order a federal sentence to run absolutely concurrently with a prior sentence. See United States v. Allen, 588 F.2d 183, 184-85 (5th Cir. 1979); Flores, 616 F.2d 840, 841 (5th Cir. 1980). Lugo-Cuero cites Rios v. Wiley, 201 F.3d 257 (3rd Cir. 2000), to support his argument. In Rios, the credit was allowed based on the sentencing court's specific reference to "credit for time served" in accordance with U.S.S.G. § 5G1.3 in imposing the concurrent sentence and not on a

statutory interpretation of § 3585(b).  Id. at 269-70, 276.  Even if Rios were binding authority, it is inapposite because the sentencing court gave no such specific instructions in imposing the 180-month concurrent sentence on Lugo-Cuero.

Lugo-Cuero has failed to show that the district court erred on any point of law or was clearly erroneous in any finding of fact in denying the claim for habeas relief under § 2241.  Lugo-Cuero's argument that he is entitled to credit on his 180-month sentence simply because the sentence was imposed to run concurrently with his 70-month sentence is without merit.

AFFIRMED.