**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 23, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10054
Summary Calendar

GUADALUPE NATIVIDAD,

Petitioner-Appellant,

versus

FNU HARO, Warden; OFFICER FNU BLACK, IS Manager,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CV-27
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Guadalupe Natividad, federal prisoner # 28395-013, appeals the district court's denial of his 28 U.S.C. § 2241 petition, which challenged the calculation of his sentence by officials of the Bureau of Prisons.

We asked the parties to address the timeliness of Natividad's notice of appeal. Natividad argues that he did not receive timely notice of the district court's judgment denying his petition and that the district court extended or reopened the time for filing a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

notice of appeal pursuant to FED. R. APP. P. 4(a)(5) and (6). The Government concedes that Natividad's notice of appeal appears to be timely pursuant to FED. R. APP. P. 4(a)(6). We need not determine whether Natividad's notice of appeal was timely because his appeal is frivolous. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (because appeal was frivolous, it was unnecessary to remand the action for a determination of excusable neglect or good cause for the failure to file a timely notice of appeal).

When liberally construed, Natividad argues on appeal that a later imposed federal sentence, which was ordered to run concurrently with an earlier federal sentence, began to run when he was received in custody on the earlier sentence. However, a federal sentence does not run absolutely concurrently with a prior sentence. See United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980). Because the appeal is without any arguable merit, it is DISMISSED AS FRIVOLOUS. 5TH CIR. R. 42.2.