United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41822
Summary Calendar
_____

GUSTAVO MIRAMONTES,

                                        Petitioner-Appellant,

versus

JOE DRIVER, Warden, FCI, Three Rivers,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CV-221
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Gustavo Miramontes, federal prisoner # 95742-079, appeals
the district court's dismissal of his 28 U.S.C. § 2241 petition.
Miramontes argues that the district court erred in finding that
he was not entitled to credit against his 84-month sentence for
conspiracy to distribute narcotics, aiding and abetting, and
money laundering from the date of his arrest for his first
offense of illegal reentry into the United States, which was on
February 1, 2001.  He contends that he is entitled to this credit
under U.S.S.G. § 5G1.3(c) because the District Court for the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Northern District of Indiana ordered his 84-month sentence to run concurrent with his 37-month sentence and that he be given credit for time served.

As an initial matter, the district court erred in dismissing Miramontes's habeas petition for failure to state a claim under FED. R. CIV. P. 12(b)(6).  A motion to dismiss for failure to state a claim is an inappropriate practice in habeas.  See Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 269 n.14 (1978).  The error is harmless, however, because Miramontes is not entitled to habeas relief.  In reviewing the denial of habeas relief, the district court's findings of fact are reviewed for clear error and issues of law are reviewed de novo.  See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

A federal sentence commences to run on the date that a person is received at the penitentiary or jail for the service of his sentence.  Blackshear v. United States, 434 F.2d 58, 59 (5th Cir. 1970).  A defendant is given credit toward his term of imprisonment for any time he spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence."  18 U.S.C. § 3585(b).  There is no dispute that Miramontes was credited with that time toward his 37-month sentence prior to the imposition of the 84-month sentence.  Section § 3585(b) does not mandate that he be given credit against his 84-month sentence for that time.  Even it

intends to do so, a district court does not have the authority under § 3585(b) to order a federal sentence to run absolutely concurrently with a prior sentence.  See Flores v. United States, 616 F.2d 840, 841 (5th Cir. 1980).

Miramontes cites to Ruggiano v. Reish, 307 F.3d 121 (3rd Cir. 2002), to support his argument.  In Ruggiano, the district court pronounced in the oral judgment and the written judgment that the federal sentence was to run concurrently with the state sentence that Ruggiano was then serving and that Ruggiano should "receive credit for the amount of time that he has served there." Ruggiano, 307 F.3d at 131.  The Third Circuit inferred from the judgments that the district court intended to adjust Ruggiano's sentence pursuant to § 5G1.3.  Id. at 132-33.  Even if Ruggiano were binding authority, it is inapposite because the Indiana district court did not order that Miramontes receive credit for the time served for his 37-month sentence.  In fact, in response to a request made by the Bureau of Prisons (BOP), the Indiana district court clarified that it "did not intend for the credit for time served to be applied in accordance with [§] 5G1.3(b) but rather intended for any credit which the defendant may be entitled to, as determined by the BOP, to be applied by statute as jail credit."

Miramontes has failed to show that the district court erred on any point of law or was clearly erroneous in any finding of

fact in denying his claim for habeas relief under § 2241.

Accordingly, the judgment of the district court is AFFIRMED.