

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-3-2009

# Bryon Taylor v. Ronnie Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1192

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Bryon Taylor v. Ronnie Holt" (2009). *2009 Decisions.* Paper 1937.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1937

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1192
_____

BRYON TAYLOR,
                                Appellant,
              v.

RONNIE HOLT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 06-cv-00436)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2009
Before:  SLOVITER, AMBRO, STAPLETON, Circuit Judges

Opinion filed: February 3, 2009
_____

OPINION
_____

PER CURIAM

       Appellant Bryon Taylor appeals from an order of the District Court dismissing his

petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Finding no error,

we will affirm.  Because the parties are familiar with the relevant facts and the procedural

background, we will not discuss them in detail.

Taylor was arrested on May 15, 2003, and sentenced on June 20, 2003 in Mahoning County, Ohio to a term of imprisonment of 10 months for trafficking in marijuana. The state trial judge indicated that the term should run concurrent to a federal sentence yet to be imposed. On June 23, 2003, the United States Marshals Service assumed custody of Taylor via a writ of habeas corpus *ad prosequendum*.[1] On February 10, 2004, Taylor was sentenced to a term of imprisonment of 46 months in United States District Court for the Northern District of Ohio, at D.C. Crim. No. 4:03-CR-0227, for a violation of 19 U.S.C. § 922(g)(1) (felon in possession of firearm). On April 27, 2005, Taylor was sentenced to a term of imprisonment of 151 months in the same federal district court, at D.C. Crim. No. 4:03-CR-422, for a violation of 21 U.S.C. § 846 (conspiracy to distribute and possess with intent to distribute cocaine base), the term to run concurrent with the first federal sentence. The federal sentencing judge said nothing about how either of the federal sentences should run relative to the state sentence.

The Bureau of Prisons effected concurrency of the first federal sentence and state sentence to the extent possible through a *nunc pro tunc* designation pursuant to our decision in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). Because of this designation, Taylor's first federal sentence began to run on the date it was imposed, February 10,

---

[1] Ohio did not relinquish jurisdiction of Taylor at this time. See generally Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000) (prisoner not entitled to credit against federal sentence for time spent in federal detention pursuant to writ of habeas corpus *ad prosequendum* "unless and until the first sovereign relinquishes jurisdiction over the prisoner").

2

2004, even though Taylor was still in the custody of the Ohio Department of Corrections. The concurrency of the state and first federal sentence was imperfect due to the fact that the state sentence ran for a period of time before the federal sentence was imposed.[2] The BOP also calculated the concurrent "overlap" of the two federal sentences, and determined that the total federal sentence was 165 months and 17 days. The concurrency was imperfect due to the fact that the first federal sentence ran for a period of time before the second federal sentence was imposed.[3]

Taylor, an inmate at the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania, filed a pro se habeas corpus action pursuant to 28 U.S.C. § 2241 in United States District Court for the Middle District of Pennsylvania, alleging that the BOP improperly denied him credit against his state sentence and improperly calculated his federal sentences. Taylor contended that his second federal sentence of 151 months imprisonment began to run on the date he was arrested on the state charges, May 15, 2003. Following the submission of a response to the petition by the BOP, the District

_____

[2] Taylor began to serve his state sentence on June 20, 2003. We note that it expired before the second federal sentence was imposed.

[3] The overlap was determined by computing each sentence independently from the date of imposition. The first sentence was imposed on February 10, 2004, and the full term date of this 46-month sentence ended on December 9, 2007. The second federal sentence began on April 27, 2005 and the full term date of this 151 month sentence ended on November 26, 2017. Subtracting the full term date of the first sentence (December 9, 2007) from the full term date of the second sentence (November 26, 2017), yielded the remaining period of 165 months and 17 days. If there had been no concurrency at all, the total federal sentence would have been 197 months.

3

Court denied the habeas corpus petition on the merits. Addressing the issue of the state sentence first, the District Court concluded that the BOP gave effect to the wishes of the state judge to the extent permitted by federal law. A federal sentence commences when the defendant is received by the Attorney General for service of his federal sentence. See 18 U.S.C. § 3585(a). See also United States v. Pungitore, 910 F.2d 1084, 1118-19 (3d Cir. 1990). As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed. See United States v. Labielle-Soto, 163 F.3d 93, 98 (2d Cir. 1998).

Section 3621(b) of Title 18 authorizes the BOP to designate the place of confinement for purposes of serving federal sentences of imprisonment. See Barden, 921 F.2d 476. The federal district judge did not specify whether the 46-month term of imprisonment imposed on February 10, 2004 should run concurrent or consecutive to Taylor's state term. The BOP, through a *nunc pro tunc* designation, saw to it that Taylor would begin receiving credit towards the service of his first federal sentence while still in state custody, but Barden does not authorize the BOP to award credit for time spent in state custody prior to the imposition of a federal sentence. Cf. Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983) (concurrent sentence commences on date of imposition, not on date of commencement of prior sentence or some earlier date). The BOP may not give credit for time spent in state custody prior to sentencing in a federal case because 18 U.S.C. § 3585(b) prohibits this double credit. United States v. Wilson, 503 U.S. 329, 337 (1992). The District Court further concluded that the concurrency of the two federal

sentences was properly calculated. A federal sentence already being served will not run in a fully concurrent manner with a later imposed federal sentence. See Shelvy, 718 F.2d at 444 (citing United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)).

In sum, the District Court concluded that (1) the BOP's *nunc pro tunc* designation permitted Taylor to concurrently serve his state and initial federal sentence to the extent possible; (2) the federal sentences were properly calculated as commencing on the date each was imposed; (3) the BOP correctly computed the total federal sentence; and (4) Taylor received credit against either his state or federal sentence for all time spent incarcerated. Taylor was not entitled to any time credit against his federal sentences for the time spent in prison prior to February 10, 2004. That time was properly credited to his state sentence only. Moreover, he received the benefit of the federal sentencing judge's determination that his federal sentences should run concurrently to the extent permitted by law. Taylor appeals.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. The issues essentially are legal in nature, and we thus exercise plenary review. Barden, 921 F.2d at 479. The authority to calculate a federal prisoner's period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. Wilson, 503 U.S. at 334-35. We may correct an error by the BOP through a writ of habeas corpus where that error is fundamental and carries a serious potential for a miscarriage of justice. Barden, 921 F.2d at 479. We have

5

carefully reviewed the record and fully agree with the District Court that the BOP could not commence Taylor's first federal sentence prior to February 10, 2004. By designating the Ohio Department of Corrections as the place for Taylor's federal sentence to be served initially, the BOP gave effect to the state judge's decision that Taylor should serve his state and federal sentence concurrently. Moreover, the federal sentences were properly calculated as commencing on the date each was imposed and the BOP properly calculated the overlap concurrency of the federal sentences. Finally, Taylor was not entitled to any time credit against his federal sentences for the time spent in prison prior to February 10, 2004.

Taylor does not seriously contend otherwise in his brief on appeal. Instead, he argues for the first time that he is entitled to an adjustment from the federal sentencing court in accordance with the federal sentencing guidelines. Taylor contends that the federal judge in his second criminal case considered the conduct he committed in his state case in arriving at the 151-month term of imprisonment. Therefore, he is entitled to an adjustment under U.S.S.G. § 5G1.3 so that he is not punished twice for the same conduct. See generally Witte v. United States, 515 U.S. 389, 405-06 (1995) (finding no double jeopardy violation and noting that § 5G1.3 provides adequate safeguards to protect against having length of second sentence multiplied by duplicative consideration of same criminal conduct).

6

We will not reach this argument, and express no view on it, insofar as the District Court lacked jurisdiction over it, and Taylor does not argue that we have original jurisdiction to consider it. A challenge to a sentence imposed by the sentencing court must be made under 28 U.S.C. § 2255. The District Court in this case lacked jurisdiction to consider this guidelines challenge. Under the explicit terms of 28 U.S.C. § 2255, unless a section 2255 motion would be "inadequate or ineffective," a habeas corpus petition cannot be entertained by a court. See also Application of Galante, 473 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not "inadequate or ineffective" merely because Taylor may not be able to meet AEDPA's stringent gatekeeping requirements for a second or successive section 2255 motion.

For the foregoing reasons, we will affirm the order of the District Court denying Taylor's habeas corpus petition.