# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2010

No. 09-50725
Summary Calendar

Lyle W. Cayce
Clerk

ALLISON GOTAY-AVILES,

Petitioner-Appellant

v.

CLAUDE MAYE, Warden, FCI Bastrop,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-373

Before SMITH, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Allison Gotay-Aviles (Gotay), federal prisoner # 15596-069, appeals the district court's denial of his 28 U.S.C. § 2241 petition. Gotay argues that the district court erred by concluding that the Bureau of Prisons (BOP) correctly denied him presentence credit against his federal sentence for the time he spent in federal and Puerto Rican custody between April 28, 1995, and October 21, 1999. He argues that the district court erred in applying *United States v. Flores*, 616 F.2d 840 (5th Cir. 1980), to reach this conclusion because it was decided

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior to the Sentencing Reform Act of 1984. He also argues that the BOP's failure to grant presentence credit breached his plea agreement and was contrary to the intent of the sentencing court.

A defendant is given credit toward his term of imprisonment for any time he spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." 18 U.S.C. § 3585(b). Gotay does not dispute he was credited for the time he spent in custody between April 28, 1995, and October 21, 1999. Thus, pursuant to § 3585(b), Gotay is not entitled to additional credit on his federal sentence. Moreover, a district court does not have the authority under § 3585(b) to order a federal sentence to run absolutely concurrently with a prior sentence. *See United States v. Flores*, 616 F. 2d at 841 (holding that a federal sentence cannot commence prior to the date it is announced, even if it is made concurrent with a sentence already being served).

Gotay's argument that the district court erroneously relied on *Flores* is unavailing because this circuit has repeatedly relied on *Flores* after the Sentencing Reform Act of 1984. *See Miramontes v. Driver*, 243 F. App'x 855, 856 (5th Cir. 2005); *Natividad v. Haro*, 181 F. App'x 499, 500 (5th Cir. 2006). Finally, Gotay's argument regarding the breach of the plea agreement is without merit because his claim arose at or prior to sentencing, and he did not satisfy the requirements of the "savings clause" of 28 U.S.C. § 2255(e). *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Accordingly, this claim is not properly raised in a § 2241 proceeding. *See Tolliver*, 211 F.3d at 877-87. The judgment of the district court is therefore AFFIRMED.