GLD-106                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4204
_____

MIGUELO MORALES,
Appellant

v.

MICHAEL ZENK, Warden of MVCC;
FEDERAL BUREAU OF PRISONS;
CORNELL COMPANY, INC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-09-cv-00265)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 3, 2011
Before:  AMBRO, CHAGARES and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 17, 2011 )
_____

OPINION
_____

PER CURIAM

    Miguelo Morales, a federal prisoner incarcerated at the Moshannon Valley

Correctional Center (MVCC), appeals the dismissal of his petition for writ of habeas

corpus under 28 U.S.C. § 2241. For the following reasons, we will summarily affirm the judgment of the District Court.

As we write primarily for the parties, we will recount only the facts germane to the present appeal. On August 23, 2001, Morales was named in a 13-count indictment in the District of the District of Columbia. He and his codefendants were charged with criminal conduct spanning the years 1996 through 2001 [hereinafter the "DC case"]. See United States v. Morales, No. 01-CR-296 (D. D.C.). Morales was apprehended on June 4, 2002, in the Southern District of New York, and taken into custody. The following day, he was indicted in the Eastern District of Pennsylvania on a variety of drug charges [hereinafter the "PA case"]. After a transfer to the District of Columbia for processing in the DC case, Morales was incarcerated in Pennsylvania pending trial.

While Morales initially pleaded not guilty in the PA case, he soon reached a deal with prosecutors. He pleaded guilty to count three of the indictment, which charged violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and was sentenced on November 25, 2003, to 46 months of incarceration at FCI Fort Dix followed by three years of supervised release. See United States v. Morales, No. 2:02-cr-00326-JCJ-1 (E.D. Pa. Nov. 25, 2003). However, Morales does not seem to have ever been housed at Fort Dix; rather, he was transferred to the District of Columbia to await trial on the DC case. See Courtot Decl. ¶ 8(j).

2

Morales pleaded guilty to count 1 of the DC indictment, and was sentenced on February 9, 2007, to 120 months of incarceration[1] and five years of supervised release, a "term of imprisonment [that] shall run concurrently with [the] term of imprisonment the defendant is currently serving in the state of Pennsylvania." See United States v. Morales, 01-CR-296 (D. D.C. Mar. 7, 2007). The DC Judge further "recommend[ed] that [Morales] receive credit for time served to commence with the date of arrest on [June 4, 2002]." Id.

Following Morales's arrival at MVCC, his aggregate sentences were calculated by the Bureau of Prisons.[2] With regard to the PA case, Morales received credit for the pretrial detention between June 4, 2002, and November 25, 2003. See 18 U.S.C. § 3585(b). Factoring in Good Conduct Time (GCT) credit, see generally 18 U.S.C. § 3624(b), Morales's PA sentence was deemed to have been completed on October 5, 2005, on which date he was imprisoned awaiting trial in DC. See Resp. Ex. 2F. With regard to the DC case, the sentence was determined to have begun on February 9, 2007, to run 120 months, minus GCT credit and the time served between October 6, 2005 (the date after

---

[1] The 120-month term represented a departure below the guidelines range of 188 to 235 months pursuant to U.S.S.G. §5K1.1 and Morales's substantial assistance. See Statement of Reasons § V(B)(1).

[2] See 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served."); United States v. Wilson, 503 U.S. 329, 335 (1992) (Bureau of Prisons calculates sentences and credits "when imprisoning the defendant").

his PA sentence expired) and February 8, 2007.  The projected expiration date for his DC

sentence was June 23, 2014.  Id.

Believing the above calculation to be in error, Morales commenced a lengthy

administrative review process, culminating in his filing of a § 2241 petition on October 2,

2009.[3]  Morales conceded that his PA sentence expired in October 2005, but contended

that the conduct involved in both cases was "related," and argued that, as a result, his DC

sentence should have retroactively commenced at the same time as his PA sentence.  In

support of his argument, he pointed to the language in the DC District Judge's order

granting him credit for time served running from 2002 and emphasizing the concurrent

nature of the DC sentence.  He also cited U.S.S.G. §5G1.3, claiming that this provision

authorized the retroactive sentence sought.[4]  Morales requested, therefore, that the court

---

[3] See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242–43 (3d Cir. 2005) ("A [petition] pursuant to [28 U.S.C.] § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.") (citing and adopting reasoning of Jiminian v. Nash, 245 F.3d 144 (2d Cir. 2001)).

[4] During the administrative review process, Morales presented similar arguments to prison officials.  They temporarily met with some success: on February 26, 2009, Administrator James E. Burrell responded to Morales's grievance, telling him that the Bureau of Prisons had contacted the Assistant United States Attorney (AUSA) who prosecuted the DC case.  The AUSA had confirmed that it was "the court's intent to adjust [the] term under [U.S.S.G §] 5G1.3"; accordingly, Burrell granted Morales's request for relief, projecting a release date of July 26, 2011.  Upon further review by the Bureau of Prisons, this determination was deemed to be in error—even had such a recommendation been made, it would have been "surplusage" disallowed under Bureau of Prisons regulations—and the original term was recalculated.  See Watts Letter (Jul. 31, 2009); see also Courtot Decl. ¶

adjust his term to result "in a projected release date of July 26, 2011 . . . and[/]or grant all the time spent from June 4, 2002" as credit on his DC sentence. Pet. 12.[5]

The District Court overruled Morales's objections to the Magistrate Judge's Report and Recommendation and denied the petition. Morales filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291, exercising "plenary review over the District Court's legal conclusions and apply[ing] a clearly erroneous standard to its findings of fact." See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005); see also United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996) ("Our review of the district court's order denying . . . relief under 28 U.S.C. § 2241 is plenary."). If the appeal does not present a substantial question, we may summarily affirm. See LAR 27.4; I.O.P. 10.6; United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000).

The core issue on appeal is whether the start date of Morales's DC sentence can be pushed back to the start date of his PA sentence. We are in full accord with the District Court that it cannot.

---

8(r–t).

[5] Morales also asks for a *nunc pro tunc* designation of federal confinement. See Barden v. Keohane, 921 F.2d 476, 479 (3d Cir. 1990) (recognizing Bureau of Prisons's "power to have a state facility designated *nunc pro tunc* as a place of federal confinement" for purposes of confinement credits). We agree with the Government that Barden appears to be inapplicable to Morales's situation, and would not afford him the relief requested.

Morales relies in part on the fact that the District Judge in the DC case intended for the imposed sentence to be concurrent with the PA sentence. However, the PA sentence had expired long before the time the DC sentence was to begin. As it is well established that "a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served," United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980), the DC Judge did not have the authority to sentence Morales to a term fully concurrent with the time already served, even if he wanted to. See United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998) ("Congress did not intend to allow the court to make a new prison term run concurrently with a prison term that has already been completed.").

Morales also argues that 18 U.S.C. § 3585(b) supports reducing his sentence. He is incorrect. Section 3585(b) allows for the granting of sentence credits "for any time . . . spent in official detention prior to the date the sentence commences" so long as that time "has not been credited against another sentence." But as Morales concedes that his PA sentence ended in October 2005, he also must acknowledge that the time from his arrest (June 4, 2002) to the day before his PA sentencing (November 24, 2003) was credited against his 46-month PA sentence—and under the plain language of § 3585(b), that time could not then be credited again in calculating his DC sentence. See United States v. Wilson, 503 U.S. 329, 337 (1992) ("Congress [clarified] that a defendant could not receive a double credit for his detention time.").

6

Finally, Morales argues that denying him relief effectively results in punishing him twice for the same conduct.  To the extent that he wishes to argue the invalidity of his DC conviction or sentence on those grounds, he must proceed separately via 28 U.S.C. § 2255.

Accordingly, the appeal presents no substantial issue and we will summarily affirm the judgment of the District Court.