**GLD-003**

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2603
_____

QUSAI MAHASIN,

Appellant

v.

WARDEN BRIAN BLEDSOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-00107)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 4, 2012

Before: FUENTES, FISHER and ROTH , Circuit Judges

(Opinion filed: November 20, 2012 )
_____

OPINION
_____

PER CURIAM

    Pro se appellant Qusai Mahasin appeals the District Court's dismissal of his habeas

petition filed pursuant to 28 U.S.C. § 2241.  Mahasin, a federal prisoner, is currently

serving a sentence imposed in 2002 by the United States District Court for the Eastern

1

District of Missouri for possession of heroin with intent to distribute, possession of a firearm during and in relation to a drug trafficking offense, attempted murder of a federal witness, and possession of a firearm during a crime of violence. The Eighth Circuit Court of Appeals affirmed his conviction and sentence. See United States v. Mahasin, 362 F.3d 1071 (8th Cir. 2004). Mahasin's motions for rehearing and rehearing en banc were denied on June 4, 2004. On May 26, 2005, Mahasin filed a motion for leave to file a § 2255 motion out of time; the District Court denied the motion, and Mahasin did not seek review.

In 2006, Mahasin filed a motion pursuant to 28 U.S.C. § 2255 on the grounds that he was "actually innocent" of his weapons convictions and asserting claims for ineffective assistance of counsel. The District Court dismissed the motion as time-barred because it was filed outside of the one year statute of limitations under 28 U.S.C. § 2255(f)(1), and the Court determined that equitable tolling did not apply. The Eighth Circuit denied a certificate of appealability.

Mahasin filed the instant § 2241 petition in the United States District Court for the Middle District of Pennsylvania, the jurisdiction in which he is confined. Mahasin again seeks to challenge his weapons convictions. The District Court dismissed the petition, and this appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

Generally, the execution or carrying out of an initially valid confinement is the

2

purview of a § 2241 proceeding, as attacks on the validity of a conviction or sentence must be asserted under § 2255. See United States v. Hayman, 342 U.S. 205 (1952). Despite his arguments to the contrary, Mahasin clearly seeks to attack the validity of his sentence, not its execution. See United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) (petitioner's appropriate remedy is under § 2255 and not § 2241 where alleged errors occurred at or prior to sentencing). He fails to assert claims that fall within the grounds permitted for second or successive § 2255 motions, as he neither relies on a new rule of constitutional law, nor any newly discovered evidence. Mahasin may not pursue a collateral attack on his sentence by way of § 2241, however, unless he can show that "the remedy by § 2255 motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. It is clear that, under this "safety valve" provision, a prior unsuccessful § 2255 motion or the inability to meet the statute's stringent gatekeeping requirements does not render § 2255 inadequate or ineffective. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Mahasin reasons that he should be allowed to seek relief under § 2241 because he has been convicted of a "nonexistent crime." In support of this contention, Mahasin relies on the Supreme Court's decision in Bailey v. United States, which held that the "use" of a gun in 18 U.S.C. § 924(c) requires proof of actual employment of the fire arm, not merely possession. Bailey v. United States, 516 U.S. 137, 148 (1995). While we have recognized that § 2241 may be available to present claims where the conduct is no longer deemed criminal, the exception is narrow, limited to a defendant "who had **no earlier opportunity** to challenge his conviction for a crime." Dorsainvil, 119 F.3d at 251

3

(emphasis added).   Unlike the petitioner in <u>Dorsainvil</u>, Mahasin was convicted after <u>Bailey</u> was decided, and therefore had an opportunity to present his claims during his criminal proceedings and on direct appeal.  Mahasin also had the opportunity to present his claims in a § 2255 motion. He waited almost two years after his conviction to file the first § 2255 motion, and thus it was deemed untimely.  Therefore, the District Court properly dismissed the § 2241 petition as it did not come within § 2241's safety valve provision. <u>See</u> <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002) (citing <u>Dorsainvil</u>, 119 F.3d at 251-252) (§ 2255's savings clause "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements").

Accordingly, because no "substantial question" is presented as to the dismissal of the § 2241 petition, we will summarily affirm the judgment of the District Court entered April 24, 2012.  <u>See</u> 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.