# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2013

Lyle W. Cayce
Clerk

No. 12-60953
Summary Calendar

VINCENTE ANTONIO TORRALBA,

Petitioner-Appellant

v.

BRUCE PEARSON,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:11-CV-59

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Vincente Antonio Torralba, now federal prisoner # 20246-017, is serving a 181-month sentence imposed by the United States District Court for the Northern District of Florida following his convictions for armed bank robbery and using and carrying a firearm during a crime of violence. That court ordered a portion of the federal sentence to be served concurrently with the state sentence that Torralba was already serving. Torralba appeals the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's dismissal of his 28 U.S.C. § 2241 petition where he challenged the Bureau of Prisons's decision not to award him credit against his federal sentence for the entire time he spent in state custody prior to the commencement of his federal sentence and argued that the district court could have adjusted his sentence under U.S.S.G. § 5G1.3.

We review the district court's findings of fact for clear error and issues of law de novo. *Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011). The period of time for which Torralba seeks credit against his federal sentence was credited against his state sentence; thus, he is not entitled to additional credit against his federal sentence. *See* 18 U.S.C. § 3585(b). Moreover, although the federal sentencing court ordered a portion of Torralba's federal sentence to be served concurrently with his state sentence, nothing in the amended judgment or the transcript of the sentencing proceedings suggests that the court intended Torralba to receive credit for time already credited to his state sentence. Indeed, a federal sentence cannot begin prior to the date it is announced, and a district court does not have the authority to order a federal sentence to run absolutely concurrently with a sentence that began before the imposition of the federal sentence. *United States v. Flores*, 616 F. 2d 840, 841 (5th Cir. 1980).

Finally, whether the sentencing court should have reduced Torralba's sentence pursuant to § 5G1.3 is an issue that challenges the correctness of the sentence, and therefore Torralba may not proceed on this claim under § 2241 unless he can demonstrate that he is entitled to relief under the savings clause of 28 U.S.C. § 2255(e), which he has failed to do. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Accordingly, the district court's judgment is AFFIRMED.