CLD-373                                                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2304
_____

CLEVELAND HOWARD,
                                         Appellant
v.

ARCHIE B. LONGLEY, WARDEN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 1-12-cv-00037)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 8, 2013

Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: August 27, 2013)
_____

OPINION
_____


PER CURIAM

        Pro se appellant Cleveland Howard seeks review of the District Court's denial of

his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Because the

appeal does not present a substantial question, we will summarily affirm.

1

Howard is a federal inmate, who filed a habeas corpus petition claiming that the Federal Bureau of Prisons ("BOP") erred in computing his sentence. The relevant facts are not in dispute. Howard was arrested in 2004 on state charges related to a robbery committed in Cincinnati. He was sentenced to three years in prison in January 2005. In October 2005, Howard pleaded guilty to federal conspiracy and firearm charges. One conspiracy charge related to the Cincinnati robbery; the remaining conspiracy charges related to other robberies. The plea agreement provided that Howard would receive a sentence of seventeen years in prison.

On January 11, 2006, Howard was sentenced to a seventeen-year term in federal prison. At the hearing, defense counsel asked if the federal sentence would run concurrently with the state sentence. After ascertaining that Howard had about eleven months left on his state sentence, the District Judge replied that the sentences would run concurrently and that the remaining eleven months would thus count toward Howard's federal sentence. The subsequent order reflected this decision by recommending to the BOP that a portion of Howard's sentence be served concurrently with his state sentence. Howard, who was appearing in federal court subject to a writ of habeas corpus *ad prosequendum*, was returned to state custody. He remained there until he was released to serve his federal sentence on December 12, 2006. The BOP determined that Howard's federal sentence commenced on the day it was imposed, January 11, 2006. The BOP gave him one day of prior custody credit and fifty-seven days of credit pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971). According to the BOP, Howard has a projected release date of September 5, 2020.

After challenging the computation of his sentence with the BOP, Howard filed a habeas corpus petition claiming that all time served on his state sentence should have counted against his federal sentence. The District Court denied the petition, concluding that Howard's sentence was correctly computed. After the District Court denied his motion for reconsideration,[1] Howard appealed.

Howard's challenge to the BOP's computation of his sentence is properly brought in a § 2241 petition. See United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1981). We have jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over the denial of the petition. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). The BOP is responsible for computing a federal prisoner's period of incarceration under applicable federal law. See United States v. Wilson, 503 U.S. 329, 334-35 (1992). In calculating the sentence, the BOP determines (1) when the federal sentence commenced, and (2) whether there are any credits to which the prisoner may be entitled. See 18 U.S.C. § 3585.

In this case, the BOP correctly determined that, pursuant to 18 U.S.C. § 3585(a), Howard's sentence commenced on January 11, 2006, the date it was imposed. In making this determination, the BOP relied on guidelines that direct that the sentence for an inmate begins on the day it was imposed when the inmate, like Howard, (1) is in the primary custody of the state when his federal sentence is imposed, and (2) the court

---

[1] Howard sought reconsideration on the basis that the District Court might not have considered his objections to the Magistrate Judge's Report and Recommendation. The court denied reconsideration because it had considered his objections, as reflected in the order denying the petition.

orders the sentence to run concurrently with the state sentence. See Fed. Bureau of Prisons, Program Statement 5880.28, Sentence Computation Manual 1-13, 1-32A-33 (1999). This is the earliest possible date that Howard's sentence could have commenced because a sentence cannot start earlier than the day it was imposed. Id. at 1-13; see also United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.") Howard nonetheless argues that his federal sentence should have commenced before it was imposed – at the start of his state sentence – relying on Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). Barden is of no help, however, because it involved the opposite sentencing situation: i.e., Barden's federal sentence was imposed before his state sentence. Id. at 478. Barden thus did not involve the question of whether a federal sentence could commence before it was imposed. The simple fact here is that Howard received what the sentencing court recommended: the approximately eleven months remaining on his state sentence also counted against his federal sentence because the BOP ran his sentence concurrently with the state sentence from the day the federal sentence was imposed.[2]

Howard also argues that the sentencing court erred by not applying § 5G1.3 of the United States Sentencing Guidelines to adjust his sentence for all time served on the state sentence. The District Court concluded that Howard could not bring the claim in a

---

[2] Although Howard does not challenge the BOP's computation of credits against his sentence, we note that he cannot receive credit for the time served on his state sentence prior to the commencement of his federal sentence because 18 U.S.C. § 3585(b)(2) does not allow an inmate to receive such double credit. See Wilson, 503 U.S. at 337.

4

§ 2241 petition. We agree. A challenge under the Sentencing Guidelines goes to the validity of a sentence, rather than the execution of a sentence, and is thus inappropriate for a § 2241 petition. See United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004). Howard could have presented this challenge in a motion under 28 U.S.C. § 2255, and he has not met the criteria for demonstrating that the remedy provided by § 2255 is inadequate or ineffective. See In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997).

For these reasons, we will summarily affirm the District Court's orders denying Howard's habeas corpus petition and his motion for reconsideration. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.