# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30634
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2018

Lyle W. Cayce
Clerk

GARY BERTRAM ROACH,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA; CALVIN JOHNSON, Warden, Federal Correctional Institution Oakdale,

Respondents-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-1645

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Gary Bertram Roach, federal prisoner # 79584-004, appeals the district court's denial of his 28 U.S.C. § 2241 petition. On March 28, 2008, after pleading guilty to firearm, money laundering, and drug offenses, Roach was sentenced in the Southern District of Florida to concurrent terms of imprisonment totaling 121 months. On April 11, 2008, Roach made an initial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appearance in the Northern District of Alabama to face additional charges.  On February 15, 2012, he was sentenced to 108 months of imprisonment, to run concurrently with the sentence imposed in the Southern District of Florida.

The Bureau of Prisons (BOP) calculated Roach's 108-month Alabama sentence as beginning on the date he was sentenced, February 15, 2012.  In his § 2241 petition and on appeal, Roach argues that the BOP's use of that start date erroneously denies him credit on his 108-month Alabama sentence for the time he was under the jurisdiction of the Alabama federal court prior to sentencing, April 11, 2008, to February 14, 2012.

Section 2241 is the proper procedural vehicle if a prisoner is challenging the execution of his sentence rather than the validity of his conviction and sentence.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  "In the context of a § 2241 petition, this court reviews the district court's determinations of law de novo and its findings of fact for clear error."  *Royal v. Tombone*, 141 F.3d 596, 599 (5th Cir. 1998) (internal quotation marks and citation omitted).  Because Roach is proceeding under § 2241, he is not required to obtain a certificate of appealability to pursue his appeal.  *See Jeffers*, 253 F.3d at 830.

Roach's challenge to the execution of his sentence – the BOP incorrectly calculated his sentence by setting the start date of the 108-month term of imprisonment for his Alabama sentence as February 15, 2012 – is a proper claim for a § 2241 petition.  *See id.*; *United States v. Wilson*, 503 U.S. 329, 331-32, 334 (1992).  A federal sentence commences on the date that a person is received at the penitentiary or jail for the service of his sentence.  18 U.S.C. § 3585.  A defendant is given credit toward his term of imprisonment for any time he spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence."  § 3585(b).  There is no

No. 17-30634

dispute that credit for Roach's time in prison from April 11, 2008, to February 14, 2012, was counted toward Roach's Florida sentences.  The BOP is not required by § 3585(b) to credit that time "against another sentence."  § 3585(b). Moreover, this court has held that "a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).

Consequently, the district court did not err by denying Roach's § 2241 petition.  The judgment of the district court is AFFIRMED.