# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30848
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2019

Lyle W. Cayce
Clerk

CANCIANO MARQUEZ-MAYORGA,

Petitioner-Appellant

v.

J. S. WILLIS,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-96

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Canciano Marquez-Mayorga, federal prisoner # 57155-018, appeals the denial of his 28 U.S.C. § 2241 petition challenging the computation of his federal sentences by the Bureau of Prisons (BOP). Marquez-Mayorga's judgment in the District of Vermont ordered the prison term imposed therein to be retroactively concurrent with an earlier prison term imposed in the Middle District of Florida.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30848

In concluding that Marquez-Mayorga's Vermont sentence could not be retroactively concurrent with his Florida sentence, the district court here reasoned that the earliest date a federal sentence may commence is the date that it is imposed, even if it is ordered to run concurrently with a sentence already being served. We review the district court's decision de novo. *See Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010). Marquez-Mayorga does not brief any argument contesting the district court's reliance on 18 U.S.C. § 3585(a) and *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980), and he does not dispute that a provision in BOP Program Statement 5880.28 provides that a federal term of imprisonment may not commence earlier than the date it is imposed. *See* U.S. Dep't of Justice, Federal Bureau of Prisons Program Statement No. 5880.28, p. 1-13. He has thus waived any such arguments. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Instead, Marquez-Mayorga argues only that the BOP failed to comply with the requirements of another provision in BOP Program Statement 5880.28 pertaining to the award of time credit. *See* U.S. Dep't of Justice, Federal Bureau of Prisons Program Statement No. 5880.28, p. 1-27. Because he did not raise this argument in the district court, we do not consider it for the first time on appeal. *See Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011).

AFFIRMED.